1.

( Civ. 05.87 JJF )

# PLAINTIF'S MEMORANDUM
# OF LAW IN SUPPORT OF HIS MOTION
# FOR SUMMARY JUDGMENT

## Preliminary Statement

This memorandum of law is submitted on behalf of Plaintiff Prince A. Marsh.  In support of his motion summary judgment pursuant to Fed. R. CIV. P 56 (a).

In Plaintiff's Complaint [ a copy of which is annexed to the Affirmation of Prince A. Marsh, as Exhibit (A). brought pursuant to 42 U.S.C. 1981 et. Seq. 1983, 42 U.S.C. 2000, The Civil Rights Act of 1965, as well as Title VI of Public Law. Plaintiff's claims inter alia, that defendants: Smith, Ball, Moses and Pitt denied him equal protection under the law, The Right to due process as well as discrimination, by denying him to return to school, as well to his rights to exhaust all available administrative remedies in violation of the U.S. Constitution, XIV. V. VIII. XI AND VII. Further, defendants failed to answer the summon and complaint, or move in defense to dismiss the plaintiff's claims. Base upon the foregoing, this action should be granted in Plaintiff's favor in it's entirety.

## STATEMENT & FACTS

Plaintiff respectfully refer the court to Plaintiff's  Affirmation, and complaint for detailed recitation of the facts pertaining to this  motion.



FILED

AUG 17 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2.

## POINT 1

<u>Defendants failed to answer  The Plaintiff's Complaint.
"Default"</u>

Once the summons and complaint have been served, an answer to the complaint must be filed within 20 days (60 days if the defendant is the United Stated or an agent thereof ). Defendant, failed to answer the plaintiff's complaint. The Plaintiff served the summon and complaint in accordance and pursuant to Fed. R. CIV. P. 4 (c) ( 2)  ( c) [ ii] . Plaintiff has notified the clerk of  office, in this court and was informed that the defendant has not answered  the complaint by motion nor have requested an extension of time. Rule 55 (a) ε (b) Fed. R. Civil. P. State in part;  "When a party against whom a judgment for affirmative relief is sought has failed to pled or otherwise defend as provided by these rules and that fact is made to appear by Affidavit or otherwise" (b) judgment by default may be entered".

## **POINT II**

Defendants have failed to establish that they have not violated Plaintiff's Constitutional Rights and accordingly <u>Plaintiff's claims must be granted.</u>

Rule 56 ( c) of The Federal Rules Of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, deposition, answers to interrogatories and

3.

affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of Law".

Fed. R. CIV. P.56 (c )." An issue of ~~fact is genuine when~~ 'a reasonable jury could return a verdict for ~~the nonmoving~~ party; and facts are material to the outcome of the particular litigation of the substantive law at issue so renders them". Aziz Zarif Shabazz-v- Pico, 994F. Supp. 460, 466 (S.D.N.Y. 1998) (Citations omitted); Lee- v- Artuz, et al., 2000 U.S. Dist LEXIS 2022, 9s.d.n.y. Feb. 29, 2000).

The moving party bears the burden of demonstrating that no genuine issue exist as to any material Fact. Celotex Corp. - v- Cartrett,477 U.S. 317, 323 - 25 (1989); Polanco -v- Dworzack, 25 F. Supp. 2d 148, 150 (W.D.N.Y. 1998)

("In moving for summary judgment against a party who will bear the ultimate burden at trial, the motive may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party"). All ambiguities must be resolved, and all factual inference must be drawn I favor of the nonmoving party. Anderson -v- liberty lobby. Inc., 477 U.S. 243 255 (1986).

If the moving party meets its burden, the nonmoving party may not rest upon mere allegations or denials…, but… must set forth specific facts showing that there is a genuine issue for trial." Aziz Zarif Shabazz- v- Pico, 944 F. Supp. 460, 466 (S.D.N.Y. 1998).

[T] he nonmoving party "must do more than simply shoe that there is some metaphysical doubt as to the material Facts". Matsushita Elec. Indus. Co., Ltd. -v- Zenith Radio Corp., 475 U.S. 574, 586 919860. Instead, the nonmoving must "come forward with "enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely….. On the basis of conjecture or surmise."

4.

      Thus, where little or No Evidence exists in support of the nonmoving party's case the moving party, may obtain summary judgment. When no rational jury could find In favor of nonmoving party, because, <u>the evidence to support its case is so slight</u>, there is no genuine issues of material fact and a grant of summary judgment is proper". <u>Gallo -v- Prudential</u>, 22 F.3d 1219, 1224 (2d cir. 1994) (emphasis added)

      Indeed, "a party may not rely on mere conjecture as to the true nature of the facts to overcome a motion for summary judgment," <u>Ramsey -v- Busch</u>, 19 F. Supp. 2d 73, 78 (W.D.N.Y. 1998) <u>citing. Knight -v- U.S. Fire Ins. Co</u>., 804 F. 2d 9, 12 (2d cir. 1986 ) <u>cert. Denied,</u> 480 u.s. 932 (1987).

      Here defendants failed to allege or establish " <u>any</u> Facts" demonstrating that Plaintiffs Constitutional Rights were not violated.

## POINT III

Defendants Are Each Involved In
<u>The Constitutional Deprivation</u>

It is well established that a defendant's personal involvement in the constitutional violation is a pre-requisite to the imposition of damages in a Civil Rights Suit.
<u>":Wright v. Smith, 21 F.3d 496, 501 ( 2d cir. 1994); Gill vs. Mooney, 824 F.2d 192, 196 ( 2d cir. 1987).</u>
Plaintiff has delineate each defendant's role in his claims ξ Affirmation so claims against defendant must be Granted.

Plaintiff has established fault and causation on the part of the defendants. See Affirmation, also <u>Collins v. City of Harker Height, 503 U.S 115, 121-123 (1992)"; Monell v Department of Social Services of the City of New York, 436 U.S. 658, 690-95 ( 1978 . Johnson vs. Newburgh Enlarged School District,</u>

5.

<u>239 F. 3d 246, 254 (2d cir 200.) ( Quoting, Colon vs. Coughlin, 58 f. 3d 865, 873 ( 2d cir. 1995) : Glendora v. Pinkerton Sec . And Detective Services, 25 F. supp.2d 447,452 ( sdny) in this case,</u> The defendants created and allowed a policy to continue under which violation occurred , in that, they put the Plaintiff out of school and refused to hear his appeals or allow him to attend programs at the school that would allow him to address his off campus activities that lead to his arrest. Accordingly, the complaint should be granted, and Plaintiff is entitled to Summary Judgment.

<u>CONCLUSION</u>

<u>For the foregoing reason, This Action should be granted in its Entirety</u>

<u>Dated: August 4, 2005</u>
<u>Peekskill New York 10566</u>

Respectfully Submitted

Prince A. Marsh
434 Simpson Place
Peekskill N.Y 10566

UNITED STATES
POSTAL SERVICE

1986
9261

The United States District Court
for the District of Delaware
Honorable Joseph F. Farnan Jr.
Office of the Clerk
844 N. King Street, Fourth
Wilmington, DE 19801-3570

Mr. Pinner Allen Meah
434 Simpson Place
Peekskill, NY 10566.

FIRST CLASS