*United States District Court*
*For The State of Delaware*

---

*Prince A. Marsh* — *"Affirmation"*
*Civ. 05.87 (JJF)*

*Vs.*
*Delaware State of Delaware, ET, al*

---

*Pursuant to 28 U.S.C 1746 Plaintiff, Prince Allen Marsh, Proceeding Pro-se, does hereby affirm under penalty of perjury that the following is true:*

*1.) This action was commenced on or about February 23, 2005, by filing of a complaint, issuance of summons and Notice of Motion for a preliminary Injunction.*
*2. The Summons, complaint and Injunction order were all served on defendants, Delaware State University, Dr. Charles Smith, Mr. Drexel Ball, Ms. Kay Moses , Ms. Lowan Pitt and Attorney General for The State Of Delaware by The United States Marshall ; a person authorized to serve the Summons, Complaint, etc , under Fed. R. Civ. P 4 ( c) by serving by mail on or about February 15, 2005, as Proof of service, a copy of the summons, complaint and Injunction, Affidavit of service and the docket sheet are attached to this affirmation.*
*3. The time to respond to this complaint has expired and the defendants have not appeared, answered or made any motion herein, nor have they been granted an extension, therefore they are now in default.*

*All defendants named in their individual and official capacity as employees of Delaware State University were individually contacted by the Plaintiff; Prince A. Marsh who sought to have this matter reviewed in its entirety. All defendants were contacted via telephone and by first class mail.*

FILED
AUG 17 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

*Exhibit I. , After the Plaintiff had been denied housing , money*

*for food expenses, for two semesters while on campus of D.S.U on or about January 5, 2005, after continual attempts of having D.S.U adhere to the Plaintiffs agreed dispersal of the Scholarship, the N.C.C.A and Ms. Kim Walker, Director of Compliance were contacted. They were informed that they had violated the N.C.C.A procedures and guidelines, in the Plaintiffs homelessness and the denial of his funds. Ms. Kim Walker was instructed to reinstate the Plaintiffs full scholarship as this action allow the Plaintiff to secure his room at the Campus of D.S.U.*

*Exhibit II , Letter dated January 23, 2004, from Dr. Charles Smith, Vice President of Enrollment, Management and Student Affairs, addressed the Plaintiff, stating " you are being charged with possession of illegal drugs, paraphernalia , possession of weapon and ammunition". The defendants named in this case where all notified of the Plaintiffs expulsion pending a hearing in writing to Mrs. Kay Moses, Director of Student Judicial Affairs. Although, The letter clearly states, "You will not be permitted to return to the University until your hearing process has been completed," the Plaintiff was not permitted to return to the University.*
*The Charges brought against the Plaintiff were not within the guidelines of Judicial practices and Procedures. The Plaintiffs arrest took place off and away from the Campus of Delaware State University.*

*After the Plaintiff followed procedures, he requested a hearing in writing to Mrs. Kay Moses, Dir. Of Student Judicial Affairs, ( Exhibit III) , the Plaintiff received a letter dated Feb. 9, 2004 from Dr. Charles Smith, vice president for enrollment management and student affairs, stating " As a result of your subcommittee hearing on Feb. 5, 2004, you have been found responsible for the above charges. Per the Zero tolerance policy,*

*2.*
*you are expelled from D.S.U, effective immediately."*

*Exhibit IIII , states" Possession of illegal drugs, possession of drug paraphernalia and possession of a weapon and ammunition", refer to page 134 D # 6, 7 of the student handbook, January 20, 2004.*
*6.) Possession, sale or distribution of drugs, narcotics, other controlled substances or synthetic substances or drug paraphernalia on University- owned or controlled property or at University sponsored or supervised functions on or off campus will be automatically reported to local authorities and will result in the initiation of appropriate disciplinary procedures.*
****7, The use , possession, and or storage of explosives, fire arms, or lethal weapons of any kind( including but not limited to pistols, rifles, shot guns , BB guns, pellet guns, stun guns, martial arts weapons, knives and ammunition ) or look a like weapons in motor vehicles, buildings or else where on the University premises.*
*Delaware State University, Mr. Charles Smith V.P of Enrollment Management and student Affairs charged the Plaintiffs arrest although the charges did not occur on or near Delaware State University or any school sponsored or supervised events on or off campus, as stated.*
*Exhibit V. The initial letter received by the Plaintiff dated January 23, 2004 states, "a request for a hearing must be made in writing to Mrs. Kay Moses, Dir. Of Student Affairs. "The Letter dated Feb. 9, 2004 is noted from Dr. Charles Smith, V.P of Enrollment and student affairs. The latter of the two letters are addressed from defendant, Charles N. Smith, the issue regarding the Plaintiffs initial hearing and appeal by practices and procedures of D.S.U's policies should have been reviewed and addressed by Mrs. Kay Moses, Director of Student Judicial Affairs and the Plaintiffs peers and not by Dr. Charles Smith in its entirety.*
*As noted in the third paragraph of the Feb. 9, 2004 letter, the*

*Plaintiff had the option of appealing the decision, to the Director of student Judicial Affairs, as stated in the letter "the request must be based on reasons listed below"*
*3.*
*(a) Lack of due process, i.e. When a student can show an error in*

*the hearing, or arbitrariness in the findings.*
*(b) Lack of substantial evidence.*
*© Evidence that was not considered or available that would subsequently change the nature of the case.*
*The Plaintiff was denied due process at the time of the appeal and hearing because the Plaintiff had not completed his constitutional due process in an adjudicated or administrative Court of Law. The Courts final decision, the Plaintiffs finality and conclusion of the Court would have subsequently changed the nature due to the lack of the Plaintiff being found guilty of the criminal charges. Delaware State University sanctions and Judicial body does not surpass the Plaintiffs Constitutional guarantees.*
*The hearing was appealed and presented to Mrs. Kay Moses, Dir. Of Student, Judicial affairs as stated in the Feb. 9, 2004, letter. "the request for an appeal must identify the reasons relied on for appeal and must specify the facts and circumstances that you believe support the reasons".*
*Exhibit VI, Letter dated Feb. 24, 2005 from Mr. Charles Smith V.P, "Your request for an appeals hearing has been denied, the original sanction of the council is upheld".*
*"Therefore, your sanction of expulsion from D.S.U stands as imposed".*
*The Plaintiff states he was denied due process as stated in the Delaware State University, Policy guidelines.*

*Exhibit VII, Letter dated March 3, 2004 to Dr. Charles Smith , from Diana L. Kelly on behalf of the Plaintiff informing the University , and the named defendants of the expulsion of her child from school and the lack of due process , its premature*

*sanctions and the Plaintiffs intent to sue . The letter also sought an attempt to resolve the matter amicably before the Plaintiff moved forward in seeking this Courts relief.*

*Exhibit VIII, Student handbook "Judicial, page 117- 19, Page 118, 119. "The accused student shall have the right to request an appeal of a judicial action taken against him or her. In cases,*

*involving suspension or expulsion from the University a student*

*may be able to return to class once an appeal has been granted. In cases involving suspension or expulsion from the University, the accused student may (request a final appeal hearing before Vice President for Enrollment Management and Student affairs after all other appeals and administrative reviews have been completed".*

*20.) Failure to comply with the procedural requirements set forth in the student Judicial Code may be cause for Dismissal of the charge, if it is shown that such procedural error biases that case or cause specific harm to the student".*

*21.) In addition, to adjudication through the University Judicial System, the accused student and complainant always have the right to seek relief through a Court of Law".*

*Exhibit VIIII, Letter from D.S.U to Plaintiffs perspective school". Delaware State University continues to cause the Plaintiff Irreversible mental, emotional and punitive damages due to restricting him from attaining his education , Degree and athletic endeavors due to them forwarding unjustified derogatory information to educational institutions he had filed application. the Plaintiff applied to Lincoln University in Lincoln, PA. The director of the Office of Judicial Affairs, Carol A. Stevens forwarded a Judicial record to Mr. Michael Taylor, Director of admissions, because of this the Plaintiff was denied admission.*

*The Plaintiff seeks to continue his education and athletic endeavors. Although he has lost almost two years of his education.*

*After numerous calls to Dr. Charles Smith over the duration of these incidents, Mr. Smith has never returned any of the Plaintiffs telephone calls.*

*Exhibit X, Request for Official Transcript". On March 11, 2004 the Plaintiff and his mother Diana L. Kelly Visited D.S.U seeking contact with Dr. Charles Smith upon arriving to pick up the*
*5.*
*Plaintiffs refund and Transcript.*

*The Plaintiff and Ms. Kelly went to see Dr. Smith to make a appointment while they where in Delaware .While at his office on the upper level they where informed by his secretary that he was not in the building and would not be available and the Plaintiff could not have a appointment , as the Plaintiff and his mother walked away Dr. Smith exited down the back stairs.*

*Exhibit XI, On or about August 24, 2004, after repeated attempts and calls and no response from Dr. Smith, the Plaintiff requested a final appeal to the Board of Trustees and Mr. Drexel Ball, Assistant to the President of D.S.U. Plaintiff also attempted contacting the President of the University , Plaintiff was informed, he was out of the country and would not be available. The Plaintiff informed The Vice President of the situation in the absence of the Universities President. Mr. Ball was given the details of the situation and the Criminal Court outcome, but sought not to exercise his authority of reviewing the situation. It was also presented to Mr. Ball in detail step by step where the error had occurred. Mr. Ball was informed that in good faith and fairness that once a case was initiated and the President was made aware of the situation ,which could have been corrected the President of D.S.U would surely look to him for an explanation. Mr. Ball Stated that upon review of the Plaintiffs Financial status that the likelihood of the case going to court was nil due to the Plaintiffs income to afford Counsel". Therefore, he did not expect it to go any further and "not to*

*bother him".*
*The Plaintiff made repeated attempts at having the University review its position.*
*The Plaintiff also continued pursuing admission in lieu of the Violation of Judicial procedure.*

*Exhibit XII, Letter dared June 25, 2004 from the Office of Financial Aid. This letter states, "Cancellation of the Plaintiff's athletic Aid, from Carylin Brinkley, a copy of this letter was forwarded to Dr. Charles Smith.*
*Exhibit XIII, Plaintiff submitted a letter to Ms. Carilyn Brinkley*
*6.*
*which included his Notice of Appeal , the completed Satisfactory academic support agreement requesting his financial aid appeal as provided by the N.C.A.A regulations. All the prescribed documentation was submitted but D.S.U Continued to disregard to Universities stated practices and procedures concerning this review request.*
*The Plaintiff again was instructed by Mr. Drexel Ball to contact Dr. Charles Smith, Vice President of Enrollment and Student Affairs. Dr. Smith continued to not answer the Plaintiffs calls regarding this issue therefore the Plaintiff was not allowed to exhaust his rightful Judicial entitlements.*
*The Plaintiff Forwarded a letter to Ms. Carol Stevens the present Dir. Of Judicial Affairs stating the facts and the denial of his final Judicial review, as of August 7, 2005 , the Plaintiff has not been called nor received correspondences regarding these issues from Delaware State University, Dr. Charles Smith, Vice President of Enrollment, management and student affairs. Mr. Drexel Ball, Assistant to the President. Ms. Kay Moses, Director of Judicial Affairs and Ms. Lowan Pitt. All the defendants are directly responsible for not following the Universities codes or reviewing the Issues concerning the Plaintiff.*
*In addition, Delaware State University filed erroneous criminal charges against the Plaintiff with the local authorities which brought the Plaintiff into the criminal Judicial System These charges where ultimately dropped upon the Plaintiff Verifying he*

*was not in The State Of Delaware at the time the allegations where made.*

*Because of the foregoing, the Plaintiff believes that he has good and meritorious causes of action against the defendants.*

*August 11, 2005* *Prince Allen Marsh*

Prince A. Marsh

7. All Named defendants have been mailed The Notice of Motion for Summary Judgement, Memorandum of Law for Summary Judgement And the Affirmation statement On August 11, 2005 by U.S mail first class.

Prince A. Marsh

Mr. Prince Allen Marsh
434 Sm[illegible]
Peekskill NY 10566.

The United States District Court
for the District of Delaware.
Honorable Joseph F. Farnan Jr.
Office of the clerk
844 N. King street, LockBox 18
Wilmington. DE 19801-3570

FIRST CLASS