

# DELAWARE STATE UNIVERSITY

DEPARTMENT OF INTERCOLLEGIATE ATHLETICS

HORNETS

January 5, 2004

Mr. Keith Coleman
Residence Life
CAMPUS

Dear Mr. Coleman:

This letter is in reference to Mr. Prince Marsh, D10086782, who is a track and field student-athlete. Please be advised that Mr. Marsh has a grant-in-aid for $9000.00 for the academic year. The scholarship paid out $4000.00 in Fall 2003 and $5000.00 is to be paid out in spring of 2004. This amount will allow his account to be current. Please allow him to secure his room in Warren Franklin.

Thank you for your time and consideration of this important matter. If you have further questions, Ms. Walker in Compliance will be glad to assist you. She can be contacted at extension 6038.

Sincerely,

Dr. Hallie E. Gregory
Director of Athletics

Cc:   Ms. Kim Walker
      Director of Compliance

*Exhibit I*

1200 N. DUPONT HIGHWAY • DOVER, DELAWARE 19901-2277 • (302) 857-6030 • FAX (302) 857-6034

Delaware State University is an equal opportunity employer and does not discriminate because of race, creed, national or ethnic origin, sex or disability.

# DELAWARE STATE UNIVERSITY
## Athletics Grant-In-Aid Agreement

Name of Student __Prince Marsh__    Social Security No. __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__

Home Address __434 Simpson Place__

City/State __Peekskill, NY__    Zip Code __10566__

Sport __Men's Track/Cross Country__    Date __April 23, 2001__

☐   A. Amount of Award _____
   *(FULL minus OTHER INSTITUTIONAL FINANCIAL AID* means that your Athletics Grant-in-Aid may be adjusted if you qualify for need based aid and/or government grants based of Bylaw 15.2.4.1 of the NCAA Manual.

☒   B. Partial Scholarship Amount __$ 9,000.00__

   Period of Award:    __X__ One academic year    _____ One semester
   (Note to Coaches: If you are offering a Grant-in-Aid for one semester please check the following.)

   _____ FALL    _____ SPRING    YEAR: __2001-02__

   Type:    __X__ Initial    _____ Renewal    _____ Reduction

*Athletic Grant-in-aid will cover the following:*

_____ In-state tuition and fees
__X__ Out-of-state tuition and fees
_____ Room and Board
_____ Required course related books
(Minimum $100.00 per semester)

(Please note that the only fees included are the Student Government Association. All other fees incurred are the responsibility of the Student-athlete.)

*Terms and Conditions:*

*I understand the following:*

* That I must fulfill the admissions requirements of Delaware State University.

* That I meet and maintain elibibility requirements for athletics participation and financial aid determined by the NCAA, the Mid-Eastern Athletic Conference, and Delaware State University.

* That according to NCAA rules and regulations, athletics aid is granted for a period of <u>one academic year only.</u>

* That each year while attending Delaware State University, I must reapply for Financial Aid and have a form on file. I must meet all of the requirements to determine eligibility for financial aid, before the scholarship is finalized. If I receive financial aid, I understand that it may alter the funding sources used to build my Athletics Grant-in-aid award.

* That my PELL Grant along with other sources of Financial Aid will be included in the total of my Athletics Grant-in-Aid Award.
  *(The above statement only applies if you are receiving AWARD "A", FULL-minus OTHER FINANCIAL AID.)*

* I must maintain a total of 12 hours per semester and 24 academic credits hours must be earned during each academic year.

* That NCAA regulations restrict the total amount of financial aid a student-athlete may receive. If I receive a federal grant or some other scholarship or financial aid (including earnings from a job during a semester), I will notify the Financial Aid Office and the Department of Athletics. Those funds or earnings may reduce the amount of my Athletics Grant-in-Aid to comply with NCAA and conference regulations.

* That my Athletics Grant-in-aid will not be terminated during the period it is awarded on the basis of my athletics ability, performance or contribution to the team; because of an injury sustained in athletics participation, or an illness or pregnancy that prevents me from participating in athletics, or for any other athletics reason.

I am aware that the amount of the Athletics Grant-in-Aid may be immediately reduced or terminated during the duration of this Grant-in-Aid award if:

* I become ineligible for intercollegiate competition, by failing to maintain the prescribed academic grade point average and credit hours towards my degree.
* I gave false information on my application, Letter of Intent or any Athletics Grant-in-Aid Agreement.
* I engage in serious conduct that brings disciplinary action from Delaware State University, the Head Coach and/or any Law Enforcement agency.
* I voluntarily withdraw for personal reasons from my sport for which I received an Athletics Grant-in-Aid.
* I receive other aid that applies to my individual limit.

I am also aware that this Athletics Grant-in-aid will be terminated if:

* I sign a professional sports contract in any sport.
* I sign a contract to be represented by an agent.

I certify that I have read all terms and conditions of this Athletics Grant-in-Aid agreement. I further understand, accept and agree to adhere to all terms and conditions of this Agreement.

__Prince Marsh__    __03/02/01__
Signature of Student Athlete    Date

# 2001-2002 NATIONAL LETTER OF INTENT (NLI)

**Name of Prospect** ___Marsh___ ___Prince___ _____
Last                        First                       Middle
*(Type Proper Name, Including Middle Name or Initial)*

**Permanent Address** ___434 Simpson Place___ ___Peekskill___ ___New York___ ___10566___
Street                        City                  State         Zip Code

Submission of this NLI has been authorized by:

**SIGNED** ___Hallie E. Gregory___          April 23, 2001
Director of Athletics (or designee)           Date Issued to Prospect

**Track & Field/Cross Country**                _____
Sport (Men's)                                   Sport (Women's)

☐ Check here if signee is a junior college transfer student.

This is to certify my decision to enroll at ___Delaware State University___.
                                               Name of Institution

I certify that I have read all terms and conditions included in the four pages of this document. I have discussed them with the coach and/or other staff representatives of the institution named above, and I fully understand, accept and agree to be bound by them. *(All three copies of this NLI must be signed individually.)*

**SIGNED** ___Prince Marsh___          ___05/02/01___   ___2:50 pm___
Prospect's Signature                    Date (Mth/Day/Yr)   Time (A.M. / P.M.)

___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___                       ___March 24, 1983___
Prospect's Social Security Number        PROSPECT'S DATE OF BIRTH

**SIGNED** ___Diana L. Kelly___         ___05/02/01___   ___2:50 pm___
☑ Parent *or* ☐ Legal Guardian Signature  Date (Mth/Day/Yr)   Time (A.M. / P.M.)
*(check one - required if student-athlete has not reached 21st birthday)*

_____        _____
Print Name of Parent/Legal Guardian       Telephone Number (including area code)

**Note:** Falsification of a signature or a signature by a party other than the prospect and the prospect's parent or legal guardian may result in a prospect forfeiting the first two years of eligibility at any NLI participating institution.



DELAWARE STATE UNIVERSITY

OFFICE OF THE VICE PRESIDENT
FOR ENROLLMENT MANAGEMENT AND STUDENT AFFAIRS

January 23, 2004

Mr. Prince Marsh
ID # D10086782

Dear Mr. Marsh:

As a result of the incident on January 20, 2004, you are being charged with possession of illegal drugs, possession of drug paraphernalia and possession of a weapon and ammunition. Effective immediately, you are hereby suspended indefinitely from Delaware State University pending a hearing. A request for a hearing must be made in writing to Mrs. Kay Moses, Director of Student Judicial Affairs. You will not be permitted to return to the University until your hearing process has been completed.

During your suspension from the University you are not permitted on campus, or the University Courtyard Apartments until the date of your hearing. If found on campus, or the University Courtyard apartment you will be cited for trespassing.

Sincerely,

c:  Ms. Lowan Pitt            Ms. Carolyin Brinkly
    Mrs. Kay Moses            Mr. Keith Coleman
    Chair                     Mrs. Wanda Curry-Brown
    Mr. Glen Parker           Ms. Diane Cook
    Chief Carl Wyche          Parent

Exhibit II

1200 N. DUPONT HIGHWAY • DOVER, DELAWARE 19901-2277 • (302) 857-6300 • FAX (302) 857-6302

Delaware State University is an equal opportunity employer and does not discriminate because of race, creed, national or ethnic origin, sex or disability.



# DELAWARE STATE UNIVERSITY

OFFICE OF THE VICE PRESIDENT
FOR ENROLLMENT MANAGEMENT AND STUDENT AFFAIRS

February 9, 2004

Mr. Prince Marsh  
ID #D10086782  
434 Simpson Place  
Peekskill, NY 10566

RE: Possession of illegal drugs, possession of drug paraphernalia and possession of a weapon and ammunition, refer to: pg. 134 D #6,7 of the Student Handbook January 20, 2004

Dear Mr. Marsh:

As a result of your zero tolerance subcommittee hearing on February 5, 2004, you have been found responsible for the above charges. Per the zero tolerance policy, you are expelled from Delaware State University, effective immediately.

During your expulsion from the University, you are not permitted on campus or the Courtyard Apartments. If found on campus or the Courtyard Apartments, you will be cited for trespassing.

If you desire to appeal this decision, it must be made in writing to the Director of Student Judicial Affairs within two (2) days after receipt of this letter. The request must be based on reasons listed below:

(a) Lack of due process, i.e. when a student can show an error in the hearing, or arbitrariness in the finding.
(b) Lack of substantial evidence.
(c) Evidence that was not considered or available that would subsequently change the nature of the case.

The request for an appeal must identify the reason(s) relied on for the appeal and must specify the facts and circumstances that you believe support the reason(s).

Sincerely,

Charles N. Smith  
Vice President for Enrollment  
Management and Student Affairs

*Exhibit III*

C:  Ms. Lowan Pitt           Ms. Deborah Cullen  
    Mrs. Kay Moses           Chief Carl Wyche  
    Mr. Keith Coleman        Dr. Doris Wooledge  
    Mr. Glenn Parker         Mrs. Wanda Curry-Brown  
    Ms. Diane Kelly          Ms. Carylin Brinkley

1200 N. DUPONT HIGHWAY • DOVER, DELAWARE 19901-2277 • (302) 857-6300

Delaware State University is an equal opportunity employer and does not discriminate because of race, creed, national or ethnic origin, sex or disability.

**Diana L. Kelly**
434 Simpson Place
Peekskill, NY 10566

March 3, 2004

Delaware State University
1200 Dupont Highway
Dover, Delaware 199901-2277

Attn: Charles N. Smith
     Vice President for Enrollment
     Management and Student Affairs

Dear Mr. Smith:

This letter comes to inform you that we strongly disagree with the Counsil's decision to expluse my son Prince Marsh from the University in the absence of due proceess. Mr. Marsh has *not* been found guilty of the *alleged* violations lodged against him and therefore should not be be treated as a convicted felon.

Certainly we acknowledge the seriousness of the *alleged* offenses, however, in this country we enjoy certain constitutional guarantees--that the Counsil has apparently no regard for. We, therefore want to put the University on notice the we *intend* to petition the courts in a suit for punative and compensatory;--i.e., monetary damages for infringement upon of the *Civil Rights* of the accused.

As the mother of the accused I would be remiss to not to challenge the sanction(s) of this *quasi-judicial* body in which the cart has been placed before the horse. And if your Student Handbook provides for such premature sanctions, then perhaps a revision is in order. Surely, the theory of being innocent until *proven guilty* has been disregarded and we insist that the University take and make the appropriate amendments in its rules, policies and practices.

Yours truly,

Diana L. Kelly  *[signature]*

DLK/amg

cc.: University President

VII



# DELAWARE STATE UNIVERSITY

OFFICE OF JUDICIAL AFFAIRS

December 7, 2004

Mr. Michael Taylor
Director of Admission at Lincoln University
 Of Pennsylvania
1570 Baltimore Pike
P.O. Box 179
Lincoln University, PA  19353

Dear Mr. Taylor:

A former student of Delaware State University has requested that we forward to you copies of his judicial record. I am enclosing a copy of the charge letter and the hearing findings. Also, enclosed is a copy of the University's Zero Tolerance Policy.

Please feel free to contact me if you have any questions.

Sincerely,

Carol A. Stevens
Director

Exhibit VIII

1200 N. DUPONT HIGHWAY • DOVER, DELAWARE 19901-2277 • (302) 857-6470 • FAX (302) 857-6472

Delaware State University is an equal opportunity employer and does not discriminate because of race, creed, national or ethnic origin, sex or disability.

# Certificate of Achievement

**Presented To**

**Prince Marsh**

The staff at the Kent County Counseling Drug Diversion Program sincerely congratulates you upon completing the Diversion Program. We consider your many achievements during this period of time to be quite significant. It takes a great deal of effort and concentration to meet the demands and requirements of our program. You have made much progress and demonstrated significant strength of character and courage in successfully complying with these requirements.

Signed this 6th day of January, 2005

_____
Debrina Jefferson B.A.
Diversion Case Manager
KCCS Diversion Program

_____
The Honorable William E. Witham, Jr.
Judge, Superior Court
Kent County, Delaware