UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCE ALLEN MARSH,<br><br>    Plaintiff,<br><br>v.<br><br>DELAWARE STATE UNIVERSITY, DR. CHARLES SMITH, DREXEL BALL, KAY MOSES, and LOWAN PITT,<br><br>    Defendants. | :<br>:  CIVIL ACTION NO. 05-087 (JJF)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MOTION OF ALL DEFENDANTS FOR ENLARGEMENT OF TIME TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ANSWERS TO PLAINTIFF'S COMPLAINT**

**All Defendants**, through their undersigned counsel, hereby move this Court for an enlargement of time to respond to Plaintiff's "Memorandum of Law" in Support of Plaintiff's Motion for Summary Judgment (D.I. 13 and 14), and to file Answers to Plaintiff's Complaint, and aver in support thereof as follows:

    1. According to the Docket, this action was filed by pro se plaintiff on February 16, 2005. Service was completed on or about May 26, 2005.

    2. Due to excusable administrative oversight on the part of one or more individuals at Delaware State University, counsel was not retained by defendants until August 31, 2005, the date of this filing.

    3. Defendants seek an enlargement of time of twenty (20) days within which to respond to the summary judgment motion, and to file a response to plaintiff's Complaint. Enlargements of time for filing responses to motions are entirely within the discretion of the Court, and in this case would serve the interests of justice without imposing any unfair prejudice to plaintiff.

4. The primary ground identified in the summary judgment papers is a request that default judgment be entered because the defendants have not responded to the Complaint.

5. In this case, defendants are entitled to a modest enlargement of time to respond to plaintiff's motion seeking entry of a default judgment because it is likely that defendants can satisfy the factors that would justify re-opening a default judgment that had already been entered.

6. Motions for Entry of Default under Fed. R. Civ. Pro. 55, the Third Circuit has long held that:

> this court does not favor defaults and that in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits. *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).

*Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). Three factors are considered in determining whether to open a default judgment under Fed. R. Civ. P. 60(b) that has already been entered: "first, whether the plaintiff will be prejudiced; second, whether the defendant has a meritorious defense; and third, whether culpable conduct of the defendant led to the default." *Id.* In this case, no default has been entered, but review of these factors demonstrates that defendants have a meritorious to the summary judgment motion, and should be permitted to file Answers to the Complaint.

7. There is no prejudice in granting some additional time to respond to the motion, or in granting leave to file an Answer to the Complaint *nunc pro tunc*. The extra time sought to respond to the motion will not significantly delay the disposition of the motion. And permitting the defendants to file responses to the Complaint will not cause significant delay in the case. Plaintiff would not be denied any rights and would still have an opportunity to present his claim on the merits to this court.

8.  To determine that defendants have a meritorious basis to contest the allegations in plaintiff's Complaint, the Court need look no further than the plaintiff's "Affirmation" (D.I. 15) and the exhibits thereto, which were filed in support of the summary judgment motion. That filing reveals that:

(a)  Plaintiff, a student at Delaware State University, was suspended on January 23, 2004 in connection with criminal charges apparently lodged against him involving, *inter alia*, possession of drugs and a weapon, and was advised that he should file written notice if he intended to request a hearing on the matter. (Exhibit II to the Affirmation.)

(b)  Although no such written request is attached to the Affirmation, a subsequent letter from the University dated February 9, 2004, indicates that a "zero tolerance subcommittee hearing" was held on February 5, 2004, resulting in plaintiff's expulsion from school. That letter also advised plaintiff of his right to appeal further in writing within two days of receipt of the letter. (Exhibit III to the Affirmation.);

(c)  A letter was sent by plaintiff's mother dated March 3, 2004 objecting to the expulsion, although it is not clear whether the letter was timely. (Exhibit VII to the Affirmation.);

(d)  In the Affirmation, plaintiff appears to challenge the validity of the criminal charges against him, however, attached to the Affirmation is a "Certificate of Achievement" dated January 6, 2005, and signed by Honorable William Witham, Jr., which indicates that plaintiff successfully completed the Kent County Drug Diversion Program – an indication that the charges underlying the University's disciplinary action had some merit.

Thus, from this evidence it appears that at least one hearing was actually held, that plaintiff received notice of the hearing and of his right to appeal, and that there is some independent evidence corroborating the validity of the underlying charge of drug possession. Clearly, there is sufficient basis to allow defendants an opportunity to defend against plaintiff's claims.

9. Finally, the absence of "culpable conduct" is a factor in determining whether to open a default judgment already entered. Even if the case had progressed to where default had been entered, defendants would be entitled to demonstrate that the delay was due to excusable neglect or other non-culpable conduct. At this point, undersigned counsel have no reason to conclude that the delay was due to anything other than administrative oversight.

10. Finally, pursuant to Local Rule 7.1.1, undersigned counsel attempted to reach agreement with plaintiff as to this motion by contacting plaintiff at his listed telephone number, but plaintiff was not available.

WHEREFORE, defendants respectfully request that this Court grant them an extension of twenty (20) days, up to and including September 20, 2005, within which to file (1) a response to plaintiff's Motion for Summary Judgment and (2) Answers to plaintiff's Complaint.

Dated: August 31, 2005

WHITE AND WILLIAMS LLP

JOHN D. BALAGUER, ESQUIRE (#2537)
FRANK E. NOYES, II, ESQUIRE (#3988)
824 Market Street, Suite 902
P. O. Box 709
Wilmington, DE  19899-0709
(302) 467-4511 Telephone
(302) 467-4556 Facsimile

*Attorneys for All Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCE ALLEN MARSH, | : |
| | : CIVIL ACTION NO. 05-087 (JJF) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DELAWARE STATE UNIVERSITY, DR. | : |
| CHARLES SMITH, DREXEL BALL, KAY | : |
| MOSES, and LOWAN PITT, | : |
| | : |
| Defendants. | : |
| | : |

## CERTIFICATE OF SERVICE

I, Frank E. Noyes, II, Esquire, hereby certify that on this __31st__ day of August, 2005, I caused a true and correct copy of the foregoing **MOTION OF ALL DEFENDANTS FOR ENLARGEMENT OF TIME TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ANSWERS TO PLAINTIFF'S COMPLAINT** to be served upon Plaintiff by First Class Mail, postage prepaid, as follows:

Prince Allen Marsh (pro se)
434 Simpson Place
Peekskill, NY 10566

_____
Frank E. Noyes, II, Esquire (#3988)