## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRINCE ALLEN MARSH, | : | |
| | : | CIVIL ACTION NO. 05-087 (JJF) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| DELAWARE STATE UNIVERSITY, DR. CHARLES SMITH, DREXEL BALL, KAY MOSES, and LOWAN PITT, | : : : | |
| | : | |
| Defendants. | : | |
| | : | |

### ANSWER OF DEFENDANTS DELAWARE STATE UNIVERSITY, DR. CHARLES SMITH, KAY MOSES AND LOWAN PITT TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

### Preliminary Statement

Defendants Delaware State University, Dr. Charles Smith, Kay Moses and Lowan Pitt ("Answering Defendants") deny the averments on page 1 of Plaintiff's Complaint that plaintiff is entitled to injunctive relief. Answering Defendants further respond to each numbered allegation in the Complaint as follows:

1.      Denied.

2.      Admitted on information and belief.

3.      Admitted in part, denied in part. It is admitted that plaintiff was enrolled at Delaware State University (DSU) in or about September 2001, and that he received a track scholarship. The remaining allegations are denied.

3.(sic) Denied.

4.      Denied.

DOCS_DE 116741v.1

5.     Denied.

6.     Admitted in part, denied in part.  It is admitted that the incident leading to plaintiff's arrest in January 2004 occurred off DSU grounds.  The remaining allegations in paragraph 6 are denied.

7.     Denied.

## Jurisdiction and Venue

8.     It is admitted that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and §1343, and that venue is proper.  The remaining allegations in paragraph 8 are denied.

9.     Denied.

10.     It is admitted that venue is proper.

## Facts

11.     Admitted in part, denied in part.  It is admitted that plaintiff was enrolled at DSU in or about September 2001, and that he received a track scholarship.  The remaining allegations in paragraph 11 are denied.

12.     Admitted in part, denied in part.  It is admitted that plaintiff was awarded a track scholarship by DSU.  It is denied that plaintiff was guaranteed or promised unconditional continuation of the scholarship or admission to DSU for five years.

13.     Denied.

14.     It is admitted that Plaintiff passed the classes he took at DSU.

-2-

15.     Denied.

16.     Denied.

17.     Denied.

18.     Admitted in part, denied in part.  It is admitted that plaintiff was subjected to DSU's disciplinary proceedings, which are outlined in DSU's Student Handbook.  The remaining allegations are denied.

19.     Admitted in part, denied in part.  It is admitted that plaintiff exercised his rights under the DSU Student Judicial System to request a hearing on the disciplinary code violations. The remaining allegations in paragraph 19 are denied.

20.     Admitted in part, denied in part.  It is admitted that DSU considers each instance of disciplinary violations separately and on the specific merits of that situation.  It is denied that DSU violated plaintiff's equal protection rights under the 5th and 14th Amendment to the United States Constitution, or that other "similar incidents" were "treated differently" for any reason other than the specific facts and circumstances of each alleged incident.

21.     Admitted in part, denied in part.  It is admitted that criminal proceedings took place arising out of the same incident that led to disciplinary proceedings by DSU, under the jurisdiction of the Delaware courts and criminal justice system, which were entirely separate from the DSU disciplinary proceedings.  The remaining allegations of paragraph 21 are denied.

DOCS_DE 116741v.1

22.     Denied.  After reasonable investigation, answering defendants are without knowledge and information sufficient to determine the truth of the allegations in paragraph 22 of the Complaint, and they are therefore denied.

23.     Denied.

24.     Admitted in part, denied in part.  It is admitted that plaintiff was expelled from DSU.  The remaining allegations of paragraph 24 are denied.

25.     Denied.

26.     Admitted in part, denied in part.  It is admitted that plaintiff has contacted DSU since he was expelled.  The remaining allegations in paragraph 26 are denied.

**First Cause of Action**

27.     Answering defendants incorporate their responses to paragraphs 1 through 26 of the Complaint by reference as if fully set forth herein.

28.     Denied.

29.     Denied.

30.     Denied.

**Second Cause of Action**

31.     Answering defendants incorporate their responses to paragraphs 1 through 30 of the Complaint by reference as if fully set forth herein.

32.     Denied.

33.     Denied.

34.     Denied.

### Third Cause of Action

35.     Denied.

36.     Answering defendants incorporate their responses to paragraphs 1 through 34 of the Complaint by reference as if fully set forth herein.

37.     Admitted.

38.     Denied.

### Injuries Sustained

All allegations of injury are denied.

### Relief Sought

Defendants deny that plaintiff is entitled to any of the relief sought, and request that the complaint be dismissed with prejudice.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Cause of Action fails to state fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Second Cause of Action fails to state a claim for which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Third Cause of Action fails to state a claim for which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint asserts a cause of action for violation of his Seventh Amendment rights, the complaint fails to state a claim for which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint asserts a cause of action for violation of his substantive due process rights, the complaint fails to state a claim for which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint asserts a cause of action for violation of his Eighth Amendment rights, the complaint fails to state a claim for which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff does not have any property rights in continued education at DSU.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Claim for relief under the Declaratory Judgment Act, 28 U.S.C. §2201, should be dismissed for failure to join all necessary and indispensable parties.

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint asserts a cause of action for violation of his civil rights based on racial discrimination, the complaint fails to state a claim for which relief may be granted.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint asserts a cause of action for violation of his equal protection rights under the 14th Amendment, it fails to state a claim for which relief may be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint asserts a cause of action for violation of his civil rights under 42 U.S.C. § 2000a (public accommodations), the complaint fails to state a claim for which relief may be granted.


**WHITE AND WILLIAMS LLP**

Dated: <u>October 25, 2005</u>

_____
**JOHN D. BALAGUER, ESQUIRE (#2537)**
**FRANK E. NOYES, II, ESQUIRE (#3988)**
824 Market Street, Suite 902
P. O. Box 709
Wilmington, DE  19899-0709
(302) 467-4511 Telephone
(302) 467-4556 Facsimile

*Attorneys for All Defendants*

DOCS_DE 116741v.1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

PRINCE ALLEN MARSH,                     :
                                        :    CIVIL ACTION NO.  05-087 (JJF)
                    Plaintiff,          :
                                        :
        v.                              :
                                        :
DELAWARE STATE UNIVERSITY, DR.          :
CHARLES SMITH, DREXEL BALL, KAY         :
MOSES, and LOWAN PITT,                  :
                                        :
                    Defendants.         :
                                        :

## CERTIFICATE OF SERVICE

I, Frank E. Noyes, II, Esquire, hereby certify that on this  _25th_ day of October, 2005, I caused a true and correct copy of the foregoing **ANSWER WITH AFFIRMATIVE DEFENSES OF DELAWARE STATE UNIVERSITY, DR. CHARLES SMITH, KAY MOSES AND LOWAN PITT** to be served upon Plaintiff by First Class Mail, postage prepaid, as follows:

Prince Allen Marsh (pro se)
434 Simpson Place
Peekskill, NY 10566

_____
Frank E. Noyes, II, Esquire (#3988)

DOCS_DE 117216v.1