**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PRINCE ALLEN MARSH, : | |
|  : | CIVIL ACTION NO. 05-087 (JJF) |
| Plaintiff, : | |
|  : | |
| v. : | |
|  : | JURY TRIAL DEMANDED |
| DELAWARE STATE UNIVERSITY, DR. : | |
| CHARLES SMITH, DREXEL BALL, KAY : | |
| MOSES, and LOWAN PITT, : | |
|  : | |
| Defendants. : | |
|  : | |

## ANSWER OF DEFENDANT DREXEL BALL TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

### Preliminary Statement

Defendant Drexel Ball denies the averments on page 1 of Plaintiff's Complaint that plaintiff is entitled to injunctive relief. Defendants further respond to each numbered allegation in the Complaint as follows:

1.  Denied.

2.  Admitted on information and belief.

3.  Admitted in part, denied in part. It is admitted that plaintiff was enrolled at Delaware State University (DSU) in September 2001, and that he received a track scholarship. The remaining allegations are denied.

3.(sic)  Denied.

4.  Denied.

5.  Denied.

6. Denied. After reasonable investigation, answering defendant is without knowledge and information sufficient to determine the truth of the allegations in paragraph 6 of the Complaint, and they are therefore denied.

7. Denied.

### Jurisdiction and Venue

8. Admitted in part, denied in part. It is admitted that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and §1343, and that venue is proper. The remaining allegations in paragraph 8 are denied.

9. Denied.

10. It is admitted that venue is proper.

### Facts

11. Admitted in part, denied in part. It is admitted that plaintiff was enrolled at DSU in September 2001, and that he received a track scholarship. The remaining allegations are denied.

12. Admitted in part, denied in part. It is admitted that plaintiff was awarded a track scholarship by DSU. It is denied that plaintiff was guaranteed or promised unconditional continuation of the scholarship or admission to DSU for five years.

13. Denied.

14. It is admitted that Plaintiff passed the classes he took at DSU.

15. Denied.

16. Denied.

17. Denied.

18.-24. Denied. After reasonable investigation, answering defendant is without knowledge and information sufficient to determine the truth of the allegations in paragraphs 18 through 24 of the Complaint, and they are therefore denied.

25. Denied.

26. Admitted in part, denied in part. It is admitted that plaintiff has contacted DSU since he was expelled. The remaining allegations in paragraph 26 are denied.

## First Cause of Action

27. Answering defendants incorporate their responses to paragraphs 1 through 26 of the Complaint by reference as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

## Second Cause of Action

31. Answering defendants incorporate their responses to paragraphs 1 through 30 of the Complaint by reference as if fully set forth herein.

32. Denied.

33. Denied.

34.     Denied.

### Third Cause of Action

35.     Denied.

36.     Answering defendants incorporate their responses to paragraphs 1 through 35 of the Complaint by reference as if fully set forth herein.

37.     Admitted.

37. (sic)  Admitted.

38.     Denied.

### Injuries Sustained

All allegations of injury are denied.

### Relief Sought

Defendants deny that plaintiff is entitled to any of the relief sought, and request that the complaint be dismissed with prejudice.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Cause of Action fails to state fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Second Cause of Action fails to state a claim for which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Third Cause of Action fails to state a claim for which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint asserts a cause of action for violation of his Seventh Amendment rights, the complaint fails to state a claim for which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint asserts a cause of action for violation of the Equal Protection Clause, that claim fails to state a claim for which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint asserts a cause of action for violation of his substantive due process rights, the complaint fails to state a claim for which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint asserts a cause of action for violation of his Eighth Amendment rights, the complaint fails to state a claim for which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff does not have any property rights in continued education at DSU.

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint asserts a cause of action for violation of his civil rights based on racial discrimination, the complaint fails to state a claim for which relief may be granted.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Claim for relief under the Declaratory Judgment Act, 28 U.S.C. §2201, should be dismissed for failure to join all necessary and indispensable parties.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint asserts a cause of action for violation of his civil rights under 42 U.S.C. § 2000a (public accommodation), the complaint fails to state a claim for which relief may be granted.

Dated:  October 25, 2005

WHITE AND WILLIAMS LLP

_____
**JOHN D. BALAGUER, ESQUIRE (#2537)**
**FRANK E. NOYES, II, ESQUIRE (#3988)**
824 Market Street, Suite 902
P. O. Box 709
Wilmington, DE  19899-0709
(302) 467-4511 Telephone
(302) 467-4556 Facsimile

*Attorneys for All Defendants*

-7-

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCE ALLEN MARSH, | : |
| | : CIVIL ACTION NO. 05-087 (JJF) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DELAWARE STATE UNIVERSITY, DR. CHARLES SMITH, DREXEL BALL, KAY MOSES, and LOWAN PITT, | : |
| | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Frank E. Noyes, II, Esquire, hereby certify that on this __25th__ day of October, 2005, I caused a true and correct copy of the foregoing **ANSWER WITH AFFIRMATIVE DEFENSES OF DREXEL BALL** to be served upon Plaintiff by First Class Mail, postage prepaid, as follows:

Prince Allen Marsh (pro se)
434 Simpson Place
Peekskill, NY 10566

_____
Frank E. Noyes, II, Esquire (#3988)

DOCS_DE 117216v.1