```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE
```

PRINCE ALLEN MARSH,              :
                                 :
          Plaintiff,             :
                                 :
     v.                          : Civ. Act. No. 05-00087-JJF
                                 :
DELAWARE STATE UNIVERSITY,       :
DR. CHARLES SMITH, DREXEL        :
BALL, KAY MOSES, LOWAN PITT,     :
                                 :
          Defendants.            :

## MEMORANDUM ORDER

Pending before the Court is a letter request by Plaintiff, Prince Allen Marsh, for the appointment of counsel (D.I. 37). Plaintiff contends that counsel is necessary because his mother, who has been guiding him through this law suit, has become ill and cannot continue to assist him.

The district court has broad discretion to determine whether to appoint counsel to represent a plaintiff in a civil case. In Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), the United States Court of Appeals for the Third Circuit developed a list of criteria to aid district courts in exercising this discretion. As a threshold matter, a district court may assess whether the claimant's case has some arguable merit in fact and law. Tabron, 6 F.3d at 155. If a claimant overcomes this initial hurdle, a court may then consider the following non-exhaustive list of factors: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the

ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. Id. at 155-57.

The Court has previously evaluated the likelihood of success on the merits of Plaintiff's claims in the context of whether to grant Plaintiff's request for a preliminary injunction and concluded that Plaintiff's has little chance of success on the merits of his claims. While the Court understands that Plaintiff's mother may have assisted him in filing and pursuing his claims, the Court explained to Plaintiff at the preliminary injunction hearing that his mother could not represent him in these proceedings. The issues raised by Plaintiff's claims are not complex, and Plaintiff has demonstrated the ability to present his case to the Court. Accordingly, the Court will deny Plaintiff's request for the appointment of counsel.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's letter request for the appointment of counsel (D.I. 37) is **DENIED**.

\_\_May 8, 2006\_\_          \_\_\[signature\]\_\_
    Date                  UNITED STATES DISTRICT JUDGE