IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCE ALLEN MARSH,<br><br>      Plaintiff,<br><br>      v.<br><br>DELAWARE STATE UNIVERSITY, DR. CHARLES SMITH, DREXEL BALL, KAY MOSES, and LOWAN PITT,<br><br>      Defendant. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-087 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PRETRIAL STIPULATION AND ORDER**

Pursuant to Federal Rule of Civil Procedure 16(e) and Local Rule of Civil Procedure for the United States District Court for the District of Delaware 16.4(d), the parties submit this Pretrial Stipulation and Order as follows:

**(1)**     **Statement of the Nature of the Action, the Pleadings in Which the Issues Are Raised and Whether Counterclaims, Cross-Claims, Etc. Are Involved:**

On or about February 11, 2005, Plaintiff filed a Complaint alleging that (1) Defendants violated his due process rights under the Fifth and Fourteenth Amendments, (2) Defendants violated his right to a jury trial under the Seventh Amendment, (3) Defendants subjected him to cruel and unusual punishment under the Eighth Amendment, and (4) Defendants discriminated against him on the basis of his race under Title II of the Civil Rights Act, 42 U.S.C. § 2000a.  On or about October 25, 2005, Defendants filed an Answer to the Complaint denying that Plaintiff is entitled to any relief for the purported facts and allegations of the Complaint.  There are no counterclaims or cross-claims.

This case arises from Plaintiff's expulsion as a student from Delaware State University. Plaintiff started college at Delaware State University in 2001 as a student and track athlete with a

five year NCAA scholarship. On January 20, 2004, Plaintiff was arrested off-campus by the Dover Police for possession of a 9mm handgun and marijuana. Pursuant to a warrant, Plaintiff's dormitory room was searched and a single 9mm round of ammunition and plastic bag of marijuana were found among his possessions. Pursuant to Delaware State University's Zero Tolerance Policy, Plaintiff was notified that possession of such ammunition and drug paraphernalia was grounds for his immediate suspension and possible expulsion from the University. Plaintiff requested a University administrative hearing at which he was permitted to respond to the allegations against him. As a result of the findings of such administrative hearing, Plaintiff was expelled from Delaware State University effective February 9, 2005.

**(2)    The Constitutional or Statutory Basis of Federal Jurisdiction, Together With a Brief Statement of the Facts Supporting Such Jurisdiction:**

[TO BE COMPLETED BY PLAINTIFF]

**(3)    A Statement of the Facts Which Are Admitted and Require No Proof:**

(a)    Plaintiff started college at Delaware State University in September 2001 with a five year NCAA track scholarship.

(b)    On January 20, 2004, Plaintiff was arrested off campus by Dover Police and charged with possession of marijuana and possession of a 9mm handgun.

(c)    Following his arrest, Plaintiff's dormitory room was searched pursuant to a warrant and such search revealed a 9mm round of ammunition and plastic bag of marijuana among Plaintiff's possessions.

(d)    By letter dated January 23, 2004, Plaintiff was notified that he was being charged by Delaware State University with possession of illegal drugs, possession of drug paraphernalia, and possession of a weapon and ammunition.

(e) Pursuant to that January 23, 2004 correspondence, Plaintiff was immediately suspended indefinitely pending a hearing and notified of his right to request a hearing.

(f) By letter dated January 27, 2004, Plaintiff requested a hearing.

(g) By letter dated January 28, 2004, Plaintiff was notified of the time, date, and location of his hearing before the Zero Tolerance Subcommittee of Delaware State University.

(h) Pursuant to that January 28, 2004 correspondence, Plaintiff was further informed that he had the right to have a student, faculty, or staff member present to advise him and that he had the right to request the presence of his accuser and present witnesses to testify on his behalf.

(i) At the hearing, Plaintiff admitted to possession of the 9mm round of ammunition but denied that the drugs or drug paraphernalia found among his possessions in his dormitory room belonged to him.

(j) Based on the finding of responsibility for the ammunition, the Zero Tolerance Subcommittee of Delaware State University recommended Plaintiff's expulsion from the University.

(k) That decision was administratively reviewed by Lowan Pitt, who modified the decision to hold Plaintiff responsible for the drug paraphernalia in addition to the ammunition.

(l) Mr. Pitt advised Plaintiff that if he presented a letter from the party admitting ownership of the drugs, Plaintiff would not be found responsible for possession of such drugs.

(m) Plaintiff has not presented a letter from any other person admitting ownership of the drugs found among Plaintiff's possessions.

(n) By letter dated February 9, 2005, Plaintiff was informed that he had violated the Zero Tolerance Policy of Delaware State University and would be expelled, effective as of that date, from Delaware State University.

(o)     Plaintiff was informed of his right to appeal and instructed that an appeal would only be allowed for (1) lack of due process, (2) lack of substantial evidence, and (3) evidence that was not considered or available that would subsequently change the nature of the case.

(p)     Plaintiff requested an appeal by letter dated February 11, 2004, on the grounds that substantial evidence did not support the charges against him.

(q)     By letter dated February 24, 2004, Plaintiff was advised that his request for an appeal was denied because there was lack of new evidence to justify reconsideration of the sanction imposed.

(r)     Plaintiff expressly authorized or requested that Delaware State University send copies of his judicial record to Admissions Offices of other Universities.

**(4)    A Statement of the Issues of Fact Which Any Party Contends Remain to be Litigated:**

By Plaintiff:

[TO BE COMPLETED BY PLAINTIFF]


By Defendants:

(a)     Whether Plaintiff has demonstrated sufficient facts to support his claim of cruel and unusual punishment in violation of the Eighth Amendment.  This is a mixed question of law and fact.

(b)     Whether Plaintiff has demonstrated sufficient facts to support his claim of violation of his right to a trial by jury pursuant to the Seventh Amendment.  This is a mixed question of law and fact.

(c) Whether Plaintiff has demonstrated sufficient facts to support his claim of deprivation of due process rights under the Fifth and Fourteenth Amendments. This is a mixed question of law and fact.

(d) Whether Plaintiff has demonstrated sufficient facts to support his claim of race discrimination in violation of Title II of the Civil Rights Act, § 2000a. This is a mixed question of law and fact.

**(5) A Statement of the Issues of Law Which Any Party Contends Remain to be Litigated, and a Citation of Authorities Relied Upon by Each Party:**

By Plaintiff:

[TO BE COMPLETED BY PLAINTIFF]

By Defendants:

(a) Whether Plaintiff has a viable claim of cruel and unusual punishment in violation of the Eighth Amendment. This is a mixed question of law and fact. The Eighth Amendment is limited to those individuals who have been convicted of a criminal offense and are incarcerated. It does not apply to disciplinary measures meted out in public schools. Ingraham v. Wright, 430 U.S. 651, 664 (1977).

(b) Whether Plaintiff has a viable claim of violation of his right to a trial by jury pursuant to the Seventh Amendment. This is a mixed question of law and fact. The constitutional right to a jury trial under the Seventh Amendment only applies to proceedings before a federal court. See, e.g., Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 418 (1996).

(c) Whether Plaintiff has a viable claim of deprivation of due process rights under the Fifth and Fourteenth Amendments. This is a mixed question of law and fact. Plaintiff was

afforded fundamentally fair and appropriate procedural due process. See, e.g., Goss v. Lopez, 419 U.S. 565 (1975); Flaim v. Medical College of Ohio, 418 F.3d 629 (6th Cir. 2005). Moreover, Plaintiff does not demonstrate that his expulsion deprives him of an identified property interest or shocks the conscience. See, e.g., Rochin v. California, 342 U.S. 165 (1952); Nicholas v. Pennsylvania State University, 227 F.3d 133 (3d Cir. 2000).

(d) Whether Plaintiff has a viable claim of race discrimination in violation of Title II of the Civil Rights Act, § 2000a. This is a mixed question of law and fact. There is no evidence that the decision to expel Plaintiff was predicated on his race. 42 U.S.C. § 2000a. Moreover, Title II is not applicable in this context. See, e.g., Gilmore v. Amityville Union Free Sch. Dist., 305 F.Supp.2d 271 (E.D.N.Y. 2004); Harless v. Darr, 937 F.Supp. 1351 (S.D. Ind. 1996).

**(6)** **Exhibits Which Each Party Intends to Offer at the Trial With a Specification of Those Which Will be Admitted in Evidence Without Objection, Those That Will be Objected to and the Federal Rule of Evidence in Support of Said Objection and the Federal Rule of Evidence Relied Upon by the Proponent of the Exhibit:**

By Plaintiff:


By Defendants:

(a) April 1, 2005 letter Carol A. Stevens to Office of Admissions SUNY Courtland re: Plaintiff.

(b) January 23, 2004 disciplinary action status form re: possession of illegal drugs, possession of drug paraphernalia and possession of weapon and ammunition.

(c) February 24, 2004 letter Delaware State University to Plaintiff re: expulsion.

(d) March 7, 2005 letter Carol A. Stevens to Plaintiff re: records sent to Lincoln University.

(e) June 25, 2004 letter Caroline C. Brinkley to Plaintiff re: athletic aid termination.

(f) February 5, 2004 Office of Judicial Affairs sanction recommendation form re: expulsion of Plaintiff.

(g) Delaware State University Student Handbook.

(h) February 5, 2004 Office of Judicial Affairs sanction recommendation form signed by Lowan Pitt re: expulsion of Plaintiff.

(i) Undated undergraduate judicial system appeals review form signed by Rebecca E. Batson re: denial of Plaintiff's appeal request.

(j) Undated undergraduate judicial system appeals review form signed by Jimmy Arrington re: denial of Plaintiff's appeal request.

(k) February 24, 2004 letter Charles N. Smith to Plaintiff re: denial of appeal request.

(l) January 23, 2004 letter Charles N. Smith to Plaintiff re: charges.

(m) February 9, 2004 letter Charles N. Smith to Plaintiff re: findings of Zero Tolerance Subcommittee.

(n) Chronology of disciplinary case against Plaintiff by Carol A. Stevens.

(o) January 28, 2004 letter Kay S. Moses to Plaintiff re: Zero Tolerance Subcommittee hearing.

(p) Crime Report dated January 21, 2004 re: complaint no. 4170-663-04.

(q) February 23, 2005 charge summary inquiry re: Plaintiff.

(r) January 20, 2004 complaint inquiry 5004001661 re: Plaintiff.

(s) January 20, 2004 narrative inquiry 5004001661 re: Plaintiff.

\* Defendants reserve all objections to Plaintiff's proposed exhibits.

**(7) The Names and Addresses of All Witnesses a Party Intends to Call to Testify Either in Person, or by Deposition, at the Trial and the Specialties of Experts to be Called as Witnesses:**

WILDMS 130773v.1

By Plaintiff:


By Defendants:

Prince Allen Marsh
434 Simpson Place
Peekskill, NY 10566

Carol A. Stevens
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

Caroline C. Brinkley
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

Lowan Pitt
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

Rebecca E. Batson
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

Jimmy Arrington
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

Charles N. Smith
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

Kay S. Moses
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

WILDMS 130773v.1

Chief Carl Wyche
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

Patrolman Barrett
Dover Police Department
Dover, Delaware 19901

*Defendants reserve the right to object to any and all witnesses identified by Plaintiff.

**(8)** **A Brief Statement of What Plaintiff Intends to Provide in Support of Plaintiff's Claims Including the Details of the Damages Claimed, or of Other Relief Sought, as of the Date of Preparation of the Draft Order:**

[TO BE COMPLETED BY PLAINTIFF]

**(9)** **A Brief Statement of What the Defendant Intends to Prove as a Defense:**

Plaintiff was found in possession of weapons, ammunition, illegal drugs and illegal drug paraphernalia both on campus and off campus. Such infractions are in clear violation of Delaware State University's Zero Tolerance Policy. Plaintiff was afforded due process in the form of a hearing wherein Plaintiff had opportunity to present his side of the story. As a result of the information gathered at such hearing, Delaware State University determined to expel Plaintiff. Plaintiff exercised his right to request an appeal and it was determined on appeal that the decision to expel Plaintiff should stand.

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff is not afforded a constitution right to a jury in Delaware State University disciplinary hearings. Plaintiff was not subjected to cruel or unusual punishment in violation of the Eighth Amendment, and moreover such constitutional rights are inapplicable in Delaware State University disciplinary hearings. There is absolutely no evidence suggesting that race played any role in Delaware State University's decision to expel Plaintiff. Thus, Plaintiff's Title II

claim fails. Finally, Plaintiff was afforded procedural and substantive due process in his disciplinary proceedings.

**(10) Statements by Counter Claimants or Cross-Claimants Comparable to That Required of Plaintiff:**

Not applicable.

**(11) Any Amendments of the Pleadings Desired by Any Party With a Statement Whether it is Unopposed or Objected to, and if Objected to, the Grounds Therefor:**

Not applicable.

**(12) A Certification That Two Way Communication Has Occurred Between Persons Having Authority in a Good Faith Effort to Explore the Resolution of the Controversy by Settlement:**

Defendants extended Plaintiff an invitation to reapply for admission to Delaware State University after January 2007. To date, Plaintiff has declined such invitation.

**(13) Any Other Matters Which the Parties Deem Appropriate:**

<u>By Plaintiff:</u>


<u>By Defendants:</u>

(a) Defendants intend to file a motion *in limine* to preclude Plaintiff's claim with respect to the Seventh Amendment because the applicable law is clear that such Amendment is not applicable to the facts at hand.

(b) Defendants intend to file a motion *in limine* to preclude Plaintiff's claim with respect to the Eighth Amendment because the applicable law is clear that such Amendment is inapplicable to the facts at hand.

(c) Defendants intend to file a motion *in limine* to preclude Plaintiff's Due Process claim because the undisputed facts clearly evidence that the Defendants afforded Plaintiff both

procedural and substantive due process such that no reasonable jury could find otherwise. Moreover, there is a question of law as to whether Plaintiff's due process claim fails for lack of deprivation of a property interest (i.e., continued admission at a public university is not a property interest protected by the Due Process Clause).

    (d) Defendants intend to file a motion *in limine* to preclude Plaintiff's Title II claim because there is no evidence in the record that race played any role in Plaintiff's expulsion. Moreover, it is a question of law as to whether Title II is applicable because Delaware State University does not constitute a place of public accommodation for purposes of that statute.

**This Order Shall Control the Subsequent Course of the Action Unless Modified by the Court to Prevent Manifest Injustice.**

                          **WHITE AND WILLIAMS LLP**

| | |
|---|---|
| Prince Allen Marsh | Marc S. Casarino (#3613) |
| 434 Simpson Place | 824 N. Market Street, Suite 902 |
| Peekskill, NY 10566 | P. O. Box 709 |
| | Wilmington, DE 19899-0709 |

Dated:   November 3, 2006

   SO ORDERED this ___ day of _____, 2006.

                            _____

                            Honorable Joseph J. Farnan

WILDMS 130773v.1