IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCE ALLEN MARSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.  05-087 (JJF) |
| v. | ) |
| | ) |
| DELAWARE STATE UNIVERSITY, DR. | ) |
| CHARLES SMITH, DREXEL BALL, KAY | ) |
| MOSES, and LOWAN PITT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PROPOSED JURY INSTRUCTIONS**

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

JURORS' DUTIES ................................................................................................................ 2

EVIDENCE DEFINED ......................................................................................................... 3

CONSIDERATION OF EVIDENCE .................................................................................... 4

DIRECT AND CIRCUMSTANTIAL EVIDENCE .............................................................. 5

CREDIBILITY OF WITNESSES ......................................................................................... 6

THE PARTIES AND THEIR CONTENTIONS ................................................................... 7

DUE PROCESS CLAUSE OF FIFTH AND FOURTEENTH AMENDMENTS ................ 8

TITLE II OF CIVIL RIGHTS ACT ...................................................................................... 9

BURDEN OF PROOF ......................................................................................................... 10

CLEAR AND CONVINCING EVIDENCE ....................................................................... 11

DAMAGES – GENERALLY .............................................................................................. 12

PUNITIVE DAMAGES ...................................................................................................... 13

EFFECT OF INSTRUCTIONS AS TO DAMAGES ......................................................... 15

DELIBERATION AND VERDICT .................................................................................... 16

DUTY TO DELIBERATE .................................................................................................. 17

UNANIMOUS VERDICT ................................................................................................... 18

## **INTRODUCTION**

Members of the jury, it is now time for me to instruct you on the law which you must follow in deciding this case. I will begin by explaining your duties and the general rules which apply in every civil case. I will then explain some rules which you must use in evaluating the testimony and other evidence. I will also explain the positions of the parties and the law which you will apply in this case. Finally, I will explain the rules which you must follow during your deliberations in the jury room and the possible verdicts which you may return. Please listen very carefully to everything I say.

## **JURORS' DUTIES**

You have two main duties as jurors.  The first is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law which I give you, apply it to the facts and decide if the plaintiff has carried his burden to prove that the defendants are liable.  It is my job to instruct you about the law and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial and these instructions.  All the instructions are important and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice which you may feel toward one side or the other influence your decision in any way.

## **EVIDENCE DEFINED**

You must make your decision based only upon the evidence which you saw and heard here in court. Do not let rumors, suspicions or anything else which you may have seen or heard outside of court influence your decision in any way. The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits which I allowed into evidence and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial, I may have not let you hear the answers to some of the questions which the lawyers asked. I may also have ruled that you could not see some of the exhibits which the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only upon the evidence as I have defined it here and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

-5-

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

You have heard the terms direct and circumstantial evidence. Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside and you believed her, that would be direct evidence that it was raining. Circumstantial evidence is a chain of circumstances which indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight which you should give to either one, nor does it say that one is better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## **CREDIBILITY OF WITNESSES**

You as jurors are the sole judges of the credibility of the witnesses and of the value, weight and sufficiency of their testimony. You should carefully consider all the testimony which has been given, the circumstances under which each witness has testified and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' motive, state of mind, demeanor and manner while on the stand. Consider the witness' ability to observe the matters to which he or she has testified and whether that witness impresses you as having an accurate recollection of those matters. Consider also any relationship each witness may have to either side of the case, the manner in which each witness might be affected by the verdict and the extent to which, if at all, the testimony of each witness is either supported or contradicted by other evidence in the case.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have the right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it concerns an important fact or an unimportant fact.

## THE PARTIES AND THEIR CONTENTIONS

Prince Allen Marsh is the plaintiff. Delaware State University, Dr. Charles Smith, Drexel Ball, Kay Moses and Lowan Pitt are the defendants. Mr. Marsh claims that Delaware State University, Dr. Smith, Mr. Ball, Ms. Moses and Ms. Pitt (1) deprived him of his right to legal counsel in violation of the Seventh Amendment, (2) subjected him to cruel and unusual punishment in violation of the Eighth Amendment, (3) discriminated against him on account of his race in violation of Title II of the Civil Rights Act, and (4) deprived him of due process rights in violation of the Fifth and Fourteenth Amendments. Mr. Marsh seeks money damages for each of his claims.

Delaware State University, Dr. Smith, Mr. Ball, Ms. Moses, and Ms. Pitt deny that they committed any of those acts.

## DUE PROCESS CLAUSE OF FIFTH AND FOURTEENTH AMENDMENTS

The Fifth and Fourteenth Amendments protect against deprivation of a property right without proper procedural and substantive due process. With respect to procedure, there are two basic due process requirements: (1) notice and (2) an opportunity to be heard. To establish that he was not afforded proper procedural due process, Mr. Marsh must prove by a preponderance of the evidence that (1) he did not receive sufficient notice of the charges against him, (2) he did not receive sufficient notice of the right to present witnesses or to have a student or faculty representative present at the hearing, and (3) he did not have an opportunity at the hearing to present evidence and make a statement in his own behalf. It is not required that such procedures be perfect or ideal, but only that they offer basic fairness under the circumstances.

With respect to substantive due process, Mr. Marsh must prove by a preponderance of the evidence that the defendants' conduct was so egregious and uncalled for that it shocks the conscience and that Mr. Marsh was thereby deprived of an identified property right. If you find that the hearing process afforded Mr. Marsh was basically fair and that the decision to expel Mr. Marsh from Delaware State University was based on objective findings then Mr. Marsh received sufficient due process and you must find for the Defendants on this claim.

## TITLE II OF THE CIVIL RIGHTS ACT

Title II of the Civil Rights Act creates a private cause of action to remedy discrimination in public accommodations affecting interstate commerce. Initially, Mr. Marsh must prove by a preponderance of the evidence that Delaware State University is a place of public accommodation. Mr. Marsh must additionally prove by a preponderance of the evidence (1) that he is a member of a protected class (i.e., African-American), (2) that the defendants intended to discriminate against him for being African-American, and (3) that the defendants' racially discriminatory conduct abridged a right recognized in the statute. If you find that the evidence fails to support that Mr. Marsh was expelled from Delaware State University because of his race, then you must find for the defendants on this claim.

## BURDEN OF PROOF

Mr. Marsh must prove his claims by a preponderance of the evidence. To establish something by a preponderance of the evidence means to prove that something is more likely true than not. To find that a party has proven something by a preponderance of the evidence, you must conclude that that evidence, when considered and compared with the evidence opposed to it has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

The preponderance of the evidence does not depend upon the number of witnesses, but upon the weight of the testimony. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact in issue has been proven by the party bearing the burden of proof, you may consider the testimony of all the witnesses, regardless of who may have called them and all the exhibits received in evidence regardless of who may have produced them.

## CLEAR AND CONVINCING EVIDENCE

  Mr. Marsh must prove his claims for punitive damages by clear and convincing evidence. Clear and convincing evidence is a stricter standard of proof than proof by a preponderance of the evidence, which merely requires that something is more likely than not. To establish proof by clear and convincing evidence means to prove that something is highly probably, reasonably certain, and free from serious doubt.

## DAMAGES – GENERALLY

If you find that one or more of the defendants is liable, you must then award Mr. Marsh an amount of damages which you find will fairly and justly compensate for him. In determining the amount of damages which you award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based upon sympathy, speculation or guesswork. On the other hand, the law does not require that Mr. Marsh prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## **PUNITIVE DAMAGES**

If you award compensatory damages to Mr. Marsh, you must also decide whether to award punitive damages. You are not obligated to award punitive damages. The purposes of punitive damages are to punish the offending party and to make the offending party an example to discourage others from similar conduct. Punitive damages are different from compensatory damages. Compensatory damages are awarded to compensate the plaintiff for the injury suffered. Punitive damages, on the other hand, are awarded in addition to compensatory damages for the purpose of punishing the person doing the wrongful act and to discourage such persons and others from similar wrongful conduct in the future.

You may decide to award punitive damages only if you find by clear and convincing evidence that the defendants committed wrongful acts recklessly or with ill will, malice or intention to cause injury to Mr. Marsh.

Intentional conduct refers to conscious awareness. Reckless conduct refers to conscious indifference. Each requires that the defendant foresee that his conduct threatens a particular harm to another. Reckless conduct is a conscious indifference that amounts to a "I don't care" attitude. Reckless conduct occurs when a person, with no intent to cause harm, performs an act so unreasonable and dangerous that he knows or should know that there is an eminent likelihood of harm that can result.

The law provides no fixed standards for the amount of punitive damages but leaves the amount to your sound discretion, exercised without passion or prejudice. In determining any award of punitive damages, you must consider the following: the reprehensibility or outrageousness of the defendants' conduct and the amount of punitive damages that will deter defendants and others like them must bear a reasonable relation to Mr. Marsh's compensatory or

nominal damages. If you find that Mr. Marsh is entitled to an award of punitive damages, you must state the amount of punitive damages separately on the verdict form.

-15-

## EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case. Likewise, the fact that I have instructed you about the measure of punitive damages should not be considered as an indication that Mr. Marsh is entitled to recover punitive damages from defendants. Instructions about the measure of damages are given for your guidance only if you find a damages award is in order.

## **DELIBERATION AND VERDICT**

Let me conclude these proceedings by explaining some things about your deliberations in the jury room and your possible verdicts. Once you start deliberating, do not talk to the jury officer or to me or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them and then give them to the jury officer. The officer will give them to me and I will respond as soon as I can. I will talk to the lawyers about what you have asked so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson who by custom of this Court is juror number one.

## **DUTY TO DELIBERATE**

When you retire to the jury room you will be free to talk about the case. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and your original position was wrong.

But do not ever change your mind just because other jurors see things differently or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room and no record will be made of what you say, so you should all feel free to speak your minds. Listen carefully to what the other jurors have to say and then decide for yourself if the plaintiff has carried his burden of proof on all the elements of his case as I have just described them.

## **UNANIMOUS VERDICT**

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous. A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill in, date and sign the form. You will then return to the courtroom and your foreperson will hand your verdict to the clerk.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.