*filed in Open Court
this 9th day of November
2006.
RJP.*

United States District Court
For the District of Delaware

                                              *

Prince Allen Marsh
                  Plaintiff,              Civil Action No. 05-087 (JJF)

Vs.

Delaware State University,
Dr. Charles Smith, Drexel Ball, Kay Moses,
Lowan Pitt.
          Defendants,

                                       *

Preliminary and Statement of Facts are as set forth and stated in Original Complaint.

Please Be advised that Plaintiff Did not decline Defendants offer of resolve to reapply to D.S.U , Plaintiff merely requested that he should have full admission without reapplying because theirs no guarantee that plaintiff would be guaranteed admittance upon reapplication.
In addition, defendants refused Plaintiffs request as to Monetary Damages. Furthermore, Defendants refuse to realize Plaintiff has lost his Track Career and should receive punitive Damages for the malfeasese of Delaware State.

1. Nature of action: Being unjustly charged in lieu of the criminal charges Plaintiff is entitled to a review of the charges but was not afforded the review from his peers due to Dr. Charles Smith initiating and completing all decisions concerning the due process. In Effect, Defendants acknowledged the fact that the plaintiff's room was registered to two students whom defendants never questioned as to the items discovered in the dorm.

2. Federal question of jurisdiction is 28 U.S.C 1331 which states the District Court shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the united states also 28 U.S.C 1332 and this Court has the venue in that this is Delaware in which the actions arise out of.

3.) Before the Plaintiffs judicial review occurred and where complete,

Delaware State found the plaintiff guilty, before the criminal case was completed. Therefore, the plaintiffs administrative hearing was in completed not affording the Plaintiff to complete the court process. The plaintiff was not found guilty of all the charges the plaintiff was initially charged with.

4.) Plaintiff plan to prove: that Weapons and Ammunition where not found in the Plaintiffs room also intends to prove the room was occupied at the time of search by another student who in fact was in the vehicle off campus.

5.) Fair hearing was not afforded to the Plaintiff due to the fact that the defendants never at any time questioned or investigated the room mate as to the single bullet and small quantity of marijuana was in fact the Plaintiffs nor did the defendant afford the plaintiff the opportunity to put forth this fact due to their bias and un impartial   investigation. In addition, it should be noted that Counsel and defendant misconstrued the facts by stating that the plaintiff had Weapons on campus and off campus. When in fact one gun was found in Plaintiffs car, which was occupied by other persons besides plaintiffs.

6.) Plaintiff was treated was unfair and the punishment was cruel and unusual.
At the time of the incident, Plaintiff had no Criminal record or history of unsuitable behavior at any school of learning, he should have been afforded in all fairness one of the on campus programs that address the consequences of drug use.
7.) Furthermore, Plaintiff was never informed or given any manual concerning schools policy on school zero tolerance this is clearly part of due process to be intelligently informed of schools policies and code of conduct.
8.)  All public entities, which receive federal aid, are subject to the guidelines set forth by law and the (Department of Justice Concerning public accommodations, therefore being that D.S.U receives federal aid they fall under the guidelines set forth by law concerning public accommodations.

Jury instruction is requested to be given on behalf of Plaintiff by Honorable, Joseph J. Farnan, Jr.

Prince Allen Marsh

*434 Simpson Place*
*Peekskill New York 10566*