IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCE ALLEN MARSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 05-087 (JJF) |
| v. | ) |
| | ) |
| DELAWARE STATE UNIVERSITY, DR. | ) |
| CHARLES SMITH, DREXEL BALL, KAY | ) TRIAL BY JURY REQUESTED |
| MOSES, and LOWAN PITT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PRETRIAL STIPULATION AND ORDER**

Pursuant to Federal Rule of Civil Procedure 16(e) and Local Rule of Civil Procedure for the United States District Court for the District of Delaware 16.4(d), the parties submit this Pretrial Stipulation and Order as follows:

(1)   **Statement of the Nature of the Action, the Pleadings in Which the Issues Are Raised and Whether Counterclaims, Cross-Claims, Etc. Are Involved:**

By Plaintiff:

Being unjustly charged in lieu of the criminal charges Plaintiff is entitled to a review of the charges but was not afforded the review from his peers due to Dr. Charles Smith initiating and completing all decisions concerning the due process. In Effect, Defendants acknowledged the fact that the plaintiff's room was registered to two students whom defendants never questioned as to the items discovered in the dorm.

By Defendants:

On or about February 11, 2005, Plaintiff filed a Complaint alleging that (1) Defendants violated his due process rights under the Fifth and Fourteenth Amendments, (2) Defendants violated his right to a jury trial under the Seventh Amendment, (3) Defendants subjected him to

WILDMS 130773v.2

cruel and unusual punishment under the Eighth Amendment, and (4) Defendants discriminated against him on the basis of his race under Title II of the Civil Rights Act, 42 U.S.C. § 2000a. On or about October 25, 2005, Defendants filed an Answer to the Complaint denying that Plaintiff is entitled to any relief for the purported facts and allegations of the Complaint. There are no counterclaims or cross-claims.

This case arises from Plaintiff's expulsion as a student from Delaware State University. Plaintiff started college at Delaware State University in 2001 as a student and track athlete with a five year NCAA scholarship. On January 20, 2004, Plaintiff was arrested off-campus by the Dover Police for possession of a 9mm handgun and marijuana. Pursuant to a warrant, Plaintiff's dormitory room was searched and a single 9mm round of ammunition and plastic bag of marijuana were found among his possessions. Pursuant to Delaware State University's Zero Tolerance Policy, Plaintiff was notified that possession of such ammunition and drug paraphernalia was grounds for his immediate suspension and possible expulsion from the University. Plaintiff requested a University administrative hearing at which he was permitted to respond to the allegations against him. As a result of the findings of such administrative hearing, Plaintiff was expelled from Delaware State University effective February 9, 2005.

(2)     **The Constitutional or Statutory Basis of Federal Jurisdiction, Together With a Brief Statement of the Facts Supporting Such Jurisdiction:**

Federal question of jurisdiction is 28 U.S.C. 1331 which states the District Court shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the united states also 28 U.S.C. 1332 and this Court has the venue in that this is Delaware in which the actions arise out of.

(3)   **A Statement of the Facts Which Are Admitted and Require No Proof:**

(a)   Plaintiff started college at Delaware State University in September 2001 with a five year NCAA track scholarship.

(b)   On January 20, 2004, Plaintiff was arrested off campus by Dover Police and charged with possession of marijuana and possession of a 9mm handgun.

(c)   Following his arrest, Plaintiff's dormitory room was searched pursuant to a warrant and such search revealed a 9mm round of ammunition and plastic bag of marijuana among Plaintiff's possessions.

(d)   By letter dated January 23, 2004, Plaintiff was notified that he was being charged by Delaware State University with possession of illegal drugs, possession of drug paraphernalia, and possession of a weapon and ammunition.

(e)   Pursuant to that January 23, 2004 correspondence, Plaintiff was immediately suspended indefinitely pending a hearing and notified of his right to request a hearing.

(f)   By letter dated January 27, 2004, Plaintiff requested a hearing.

(g)   By letter dated January 28, 2004, Plaintiff was notified of the time, date, and location of his hearing before the Zero Tolerance Subcommittee of Delaware State University.

(h)   Pursuant to that January 28, 2004 correspondence, Plaintiff was further informed that he had the right to have a student, faculty, or staff member present to advise him and that he had the right to request the presence of his accuser and present witnesses to testify on his behalf.

(i)   At the hearing, Plaintiff admitted to possession of the 9mm round of ammunition but denied that the drugs or drug paraphernalia found among his possessions in his dormitory room belonged to him.

WILDMS 130773v.2

(j)     Based on the finding of responsibility for the ammunition, the Zero Tolerance Subcommittee of Delaware State University recommended Plaintiff's expulsion from the University.

(k)     That decision was administratively reviewed by Lowan Pitt, who modified the decision to hold Plaintiff responsible for the drug paraphernalia in addition to the ammunition.

(l)     Mr. Pitt advised Plaintiff that if he presented a letter from the party admitting ownership of the drugs, Plaintiff would not be found responsible for possession of such drugs.

(m)     Plaintiff has not presented a letter from any other person admitting ownership of the drugs found among Plaintiff's possessions.

(n)     By letter dated February 9, 2005, Plaintiff was informed that he had violated the Zero Tolerance Policy of Delaware State University and would be expelled, effective as of that date, from Delaware State University.

(o)     Plaintiff was informed of his right to appeal and instructed that an appeal would only be allowed for (1) lack of due process, (2) lack of substantial evidence, and (3) evidence that was not considered or available that would subsequently change the nature of the case.

(p)     Plaintiff requested an appeal by letter dated February 11, 2004, on the grounds that substantial evidence did not support the charges against him.

(q)     By letter dated February 24, 2004, Plaintiff was advised that his request for an appeal was denied because there was lack of new evidence to justify reconsideration of the sanction imposed.

(r)     Plaintiff expressly authorized or requested that Delaware State University send copies of his judicial record to Admissions Offices of other Universities.

WILDMS 130773v.2

(4)  **A Statement of the Issues of Fact Which Any Party Contends Remain to be Litigated:**

<u>By Plaintiff:</u>

(a)  Before the Plaintiffs judicial review occurred and where complete, Delaware State found the plaintiff guilty, before the criminal case was completed. Therefore, the plaintiffs administrative hearing was in completed not affording the Plaintiff to complete the court process. The plaintiff was not found guilty of all the charges the plaintiff was initially charged with.

<u>By Defendants:</u>

(a)  Whether Plaintiff has demonstrated sufficient facts to support his claim of cruel and unusual punishment in violation of the Eighth Amendment. This is a mixed question of law and fact.

(b)  Whether Plaintiff has demonstrated sufficient facts to support his claim of violation of his right to a trial by jury pursuant to the Seventh Amendment. This is a mixed question of law and fact.

(c)  Whether Plaintiff has demonstrated sufficient facts to support his claim of deprivation of due process rights under the Fifth and Fourteenth Amendments. This is a mixed question of law and fact.

(d)  Whether Plaintiff has demonstrated sufficient facts to support his claim of race discrimination in violation of Title II of the Civil Rights Act, § 2000a. This is a mixed question of law and fact.

(5) A Statement of the Issues of Law Which Any Party Contends Remain to be Litigated, and a Citation of Authorities Relied Upon by Each Party:

By Plaintiff:

(a) Before the Plaintiffs judicial review occurred and where complete, Delaware State found the plaintiff guilty, before the criminal case was completed. Therefore, the plaintiffs administrative hearing was in completed not affording the Plaintiff to complete the court process. The plaintiff was not found guilty of all the charges the plaintiff was initially charged with.By

Defendants:

(a) Whether Plaintiff has a viable claim of cruel and unusual punishment in violation of the Eighth Amendment. This is a mixed question of law and fact. The Eighth Amendment is limited to those individuals who have been convicted of a criminal offense and are incarcerated. It does not apply to disciplinary measures meted out in public schools. Ingraham v. Wright, 430 U.S. 651, 664 (1977).

(b) Whether Plaintiff has a viable claim of violation of his right to a trial by jury pursuant to the Seventh Amendment. This is a mixed question of law and fact. The constitutional right to a jury trial under the Seventh Amendment only applies to proceedings before a federal court. See, e.g., Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 418 (1996).

(c) Whether Plaintiff has a viable claim of deprivation of due process rights under the Fifth and Fourteenth Amendments. This is a mixed question of law and fact. Plaintiff was afforded fundamentally fair and appropriate procedural due process. See, e.g., Goss v. Lopez, 419 U.S. 565 (1975); Flaim v. Medical College of Ohio, 418 F.3d 629 (6th Cir. 2005). Moreover, Plaintiff does not demonstrate that his expulsion deprives him of an identified property interest

WILDMS 130773v.2

or shocks the conscience. <u>See, e.g.</u>, <u>Rochin v. California</u>, 342 U.S. 165 (1952); <u>Nicholas v. Pennsylvania State University</u>, 227 F.3d 133 (3d Cir. 2000).

(d) Whether Plaintiff has a viable claim of race discrimination in violation of Title II of the Civil Rights Act, § 2000a. This is a mixed question of law and fact. There is no evidence that the decision to expel Plaintiff was predicated on his race. 42 U.S.C. § 2000a. Moreover, Title II is not applicable in this context. <u>See, e.g.</u>, <u>Gilmore v. Amityville Union Free Sch. Dist.</u>, 305 F.Supp.2d 271 (E.D.N.Y. 2004); <u>Harless v. Darr</u>, 937 F.Supp. 1351 (S.D. Ind. 1996).

(6) **Exhibits Which Each Party Intends to Offer at the Trial With a Specification of Those Which Will be Admitted in Evidence Without Objection, Those That Will be Objected to and the Federal Rule of Evidence in Support of Said Objection and the Federal Rule of Evidence Relied Upon by the Proponent of the Exhibit:**

<u>By Plaintiff:</u>

(a) Documentation of renewal of plaintiff's track scholarship.

Defendant objects to the introduction of this document and any testimony related thereto at trial as irrelevant pursuant to FRE 402 and because such evidence will be misleading and confusing to the jury pursuant to FRE 403.

<u>By Defendants:</u>

(a) April 1, 2005 letter Carol A. Stevens to Office of Admissions SUNY Courtland re: Plaintiff.

(b) January 23, 2004 disciplinary action status form re: possession of illegal drugs, possession of drug paraphernalia and possession of weapon and ammunition.

(c) February 24, 2004 letter Delaware State University to Plaintiff re: expulsion.

(d) March 7, 2005 letter Carol A. Stevens to Plaintiff re: records sent to Lincoln University.

(e) June 25, 2004 letter Caroline C. Brinkley to Plaintiff re: athletic aid termination.

WILDMS 130773v.2

(f) February 5, 2004 Office of Judicial Affairs sanction recommendation form re: expulsion of Plaintiff.

(g) Delaware State University Student Handbook.

(h) February 5, 2004 Office of Judicial Affairs sanction recommendation form signed by Lowan Pitt re: expulsion of Plaintiff.

(i) Undated undergraduate judicial system appeals review form signed by Rebecca E. Batson re: denial of Plaintiff's appeal request.

(j) Undated undergraduate judicial system appeals review form signed by Jimmy Arrington re: denial of Plaintiff's appeal request.

(k) February 24, 2004 letter Charles N. Smith to Plaintiff re: denial of appeal request.

(l) January 23, 2004 letter Charles N. Smith to Plaintiff re: charges.

(m) February 9, 2004 letter Charles N. Smith to Plaintiff re: findings of Zero Tolerance Subcommittee.

(n) Chronology of disciplinary case against Plaintiff by Carol A. Stevens.

(o) January 28, 2004 letter Kay S. Moses to Plaintiff re: Zero Tolerance Subcommittee hearing.

(p) Crime Report dated January 21, 2004 re: complaint no. 4170-663-04.

(q) February 23, 2005 charge summary inquiry re: Plaintiff.

(r) January 20, 2004 complaint inquiry 5004001661 re: Plaintiff.

(s) January 20, 2004 narrative inquiry 5004001661 re: Plaintiff.

(7) **The Names and Addresses of All Witnesses a Party Intends to Call to Testify Either in Person, or by Deposition, at the Trial and the Specialties of Experts to be Called as Witnesses:**

By Plaintiff:

Prince Allen Marsh
434 Simpson Place
Peekskill, NY 10566

Devon (last name unknown)
Last known address in Atlanta, Georgia
Plaintiff's former roommate at Delaware State University

Defendant objects to Devon as a witness at trial because this individual has not been properly identified to Defendant and Defendant has not had a fair opportunity to depose and/or investigate the proposed testimony of this witness.

By Defendants:

Prince Allen Marsh
434 Simpson Place
Peekskill, NY 10566

Carol A. Stevens
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

Caroline C. Brinkley
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

Lowan Pitt
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

Rebecca E. Batson
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

WILDMS 130773v.2

Jimmy Arrington
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

Charles N. Smith
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

Kay S. Moses
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

Chief Carl Wyche
Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

Patrolman Barrett
Dover Police Department
Dover, Delaware 19901

*Defendants reserve the right to object to any and all witnesses identified by Plaintiff.

(8)  **A Brief Statement of What Plaintiff Intends to Provide in Support of Plaintiff's Claims Including the Details of the Damages Claimed, or of Other Relief Sought, as of the Date of Preparation of the Draft Order:**

That weapons and ammunition where not found in the Plaintiffs room also intends to prove the room was occupied at the time of search by another student who in fact was in the vehicle off campus. Fair hearing was not afforded to the Plaintiff due to the fact that the defendants never at any time questioned or investigated the room mate as to the single bullet and small quantity of marijuana was in fact the Plaintiffs nor did the defendant afford the plaintiff the opportunity to put forth this fact due to their bias and un impartial investigation. In addition, it should be noted that Counsel and defendant misconstrued the facts by stating that the plaintiff had weapons on campus and off campus. When in fact one gun was found in Plaintiffs car,

-10-

which was occupied by another person besides plaintiffs. Plaintiff was treated unfair and the punishment was cruel and unusual. At the time of the incident, Plaintiff had no Criminal record or history of unsuitable behavior at any school of learning, he should have been afforded in all fairness one of the on campus programs that address the consequences of drug use. Furthermore, Plaintiff was never informed or given any manual concerning schools policy on school zero tolerance this is clearly part of due process to be intelligently informed of schools policies and code of conduct. All public entities, which receive federal aid, are subject to the guidelines set forth by law and the (Department of Justice Concerning public accommodations, therefore being that D.S.U receives federal aid they fall under the guidelines set forth by law concerning public accommodations.

(9)     **A Brief Statement of What the Defendant Intends to Prove as a Defense:**

Plaintiff was found in possession of weapons, ammunition, illegal drugs and illegal drug paraphernalia both on campus and off campus. Such infractions are in clear violation of Delaware State University's Zero Tolerance Policy. Plaintiff was afforded due process in the form of a hearing wherein Plaintiff had opportunity to present his side of the story. As a result of the information gathered at such hearing, Delaware State University determined to expel Plaintiff. Plaintiff exercised his right to request an appeal and it was determined on appeal that the decision to expel Plaintiff should stand.

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff is not afforded a constitution right to a jury in Delaware State University disciplinary hearings. Plaintiff was not subjected to cruel or unusual punishment in violation of the Eighth Amendment, and moreover such constitutional rights are inapplicable in Delaware State University disciplinary hearings. There is absolutely no evidence suggesting that race played

WILDMS 130773v.2

any role in Delaware State University's decision to expel Plaintiff. Thus, Plaintiff's Title II claim fails. Finally, Plaintiff was afforded procedural and substantive due process in his disciplinary proceedings.

(10) **Statements by Counter Claimants or Cross-Claimants Comparable to That Required of Plaintiff:**

Not applicable.

(11) **Any Amendments of the Pleadings Desired by Any Party With a Statement Whether it is Unopposed or Objected to, and if Objected to, the Grounds Therefor:**

Not applicable.

(12) **A Certification That Two Way Communication Has Occurred Between Persons Having Authority in a Good Faith Effort to Explore the Resolution of the Controversy by Settlement:**

By Plaintiff:

Please Be advised that Plaintiff Did not decline Defendants offer of resolve to reapply to D.S.U, Plaintiff merely requested that he should have full admission without reapplying because theirs no guarantee that plaintiff would be guaranteed admittance upon reapplication. In addition, defendants refused Plaintiffs request as to Monetary Damages. Furthermore, Defendants refuse to realize Plaintiff has lost his Track Career and should receive punitive Damages for the malfeasese of Delaware State.

By Defendant:

Defendants extended Plaintiff an invitation to reapply for admission to Delaware State University after January 2007. To date, Plaintiff has declined such invitation.

(13) **Any Other Matters Which the Parties Deem Appropriate:**

By Plaintiff:

(a) Plaintiff requested trial by jury.

WILDMS 130773v.2

By Defendants:

(a) Defendants intend to file a motion *in limine* to preclude Plaintiff's claim with respect to the Seventh Amendment because the applicable law is clear that such Amendment is not applicable to the facts at hand.

(b) Defendants intend to file a motion *in limine* to preclude Plaintiff's claim with respect to the Eighth Amendment because the applicable law is clear that such Amendment is inapplicable to the facts at hand.

(c) Defendants intend to file a motion *in limine* to preclude Plaintiff's Due Process claim because the undisputed facts clearly evidence that the Defendants afforded Plaintiff both procedural and substantive due process such that no reasonable jury could find otherwise. Moreover, there is a question of law as to whether Plaintiff's due process claim fails for lack of deprivation of a property interest (i.e., continued admission at a public university is not a property interest protected by the Due Process Clause).

(d) Defendants intend to file a motion *in limine* to preclude Plaintiff's Title II claim because there is no evidence in the record that race played any role in Plaintiff's expulsion. Moreover, it is a question of law as to whether Title II is applicable because Delaware State University does not constitute a place of public accommodation for purposes of that statute.

**This Order Shall Control the Subsequent Course of the Action Unless Modified by the Court to Prevent Manifest Injustice.**

WILDMS 130773v.2

-14-

|  |  |
|---|---|
| _____ | **WHITE AND WILLIAMS LLP**<br><br>_/s/ Marc S. Casarino_<br>_____ |
| Prince Allen Marsh<br>434 Simpson Place<br>Peekskill, NY 10566 | Marc S. Casarino (#3613)<br>824 N. Market Street, Suite 902<br>P. O. Box 709<br>Wilmington, DE 19899-0709 |

Dated:   November __, 2006

    SO ORDERED this ___ day of _____, 2006.

 

_____
Honorable Joseph J. Farnan