**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

PRINCE ALLEN MARSH,

Plaintiff,

v.

DELAWARE STATE UNIVERSITY, DR. CHARLES SMITH, DREXEL BALL, KAY MOSES, and LOWAN PITT,

Defendant.

CIVIL ACTION NO. 05-087 (JJF)

TRIAL BY JURY REQUESTED

**OPENING BRIEF IN SUPPORT OF**
**MOTION BY DEFENDANTS FOR JUDGMENT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(b)**

Marc S. Casarino (#3613)
**WHITE AND WILLIAMS LLP**
824 N. Market Street, Suite 902
P. O. Box 709
Wilmington, DE 19899-0709
Telephone: 302-467-4520
Facsimile: 302-467-4550
casarinom@whiteandwilliams.com

*Attorneys for Defendants*

# TABLE OF CONTENTS


Table of Citations ........ ii

Statement of Nature and Stage of Proceedings ........ 1

Summary of Arguments ........ 2

Statement of Facts ........ 3

Arguments ........ 5

I. Standard of Review ........ 5

II. Plaintiff's Claim for Violation of Title II of the Civil Rights Act, 42 U.S.C. § 2000a, Fails as a Matter of Law and Otherwise is Unsupported by the Record ........ 6

III. Plaintiff's Claim for Violation of His Right to a Jury Trial Under the Seventh Amendment Fails as a Matter of Law ........ 8

IV. Plaintiff's Claim of Cruel and Unusual Punishment in Violation of the Eighth Amendment Fails as a Matter of Law ........ 8

V. Plaintiff's Claim for Violation of His Due Process Rights Under the Fifth and Fourteenth Amendments Fails as a Matter of Law and is Otherwise Unsupported by the Record ........ 9

Conclusion ........ 12

**TABLE OF CITATIONS**

**CASES**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)........5

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).............5, 6, 8

Cuffy v. Getty Refining & Marketing Company, 648 F. Supp. 802 (D. Del. 1986) ...........5, 6, 8

Dixon v. Alabama State Bd. of Education, 294 F.2d 150 (5th Cir. 1961)..................................9

United States v. Donlon, 355 F. Supp. 220 (D. Del. 1973) ....................................................6, 8

Flaim v. Medical College of Ohio, 418 F.3d 629 (6th Cir. 2005) .......................................9, 10

Gasperini v. Center for Humanities, Inc., 518 U.S. 415 (1996) .................................................8

Gilmore v. Amityville Union Free Sch. Dist., 305 F. Supp. 2d 271 (E.D.N.Y. 2004)................7

Gomes v. University of Maine System, 304 F. Supp. 117 (D. Me. 2004)................................10

Goss v. Lopez, 419 U.S. 565 (1975)...........................................................................................9

Hammock v. Keys, 93 F. Supp. 2d 1222 (S.D. Ala. 2000).......................................................11

Harless v. Darr, 937 F. Supp. 1351 (S.D. Ind. 1996)..............................................................7

Hill v. Board of Trustees of Mich. State Univ., 182 F. Supp. 2d 621 (W.D. Mich. 2001).........10

Ingraham v. Wright, 430 U.S. 651 (1977) ..................................................................................8

In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238 (3rd Cir. 1983), rev'd in part on other grounds sub nom. Matsushita Elect. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).........................................5, 6

Marsh v. Delaware State Univ., 2006 WL. 141680 (D. Del. Jan. 19, 2006)...........................3, 7

Martin v. University of New Haven, 359 F. Supp. 2d 185 (D. Conn. 2005)..............................7

Mitchell v. Bd. of Trustees of Oxford Mun. Separate School Dist., 625 F.2d 660 (5th Cir. 1980) .........................................................................................................................11

Newman v. Piggie Park Enterprises, 390 U.S. 400 (1968)........................................................6

Nicholas v. Pennsylvania State University, 227 F.3d 133 (3d Cir. 2000) ................................10

Paul v. F.W. Woolworth Co., 809 F. Supp. 1155 (D. Del. 1992) ........ 5, 6

Rochin v. California, 342 U.S. 165 (1952) ........ 10

San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1 (1973) ........ 10

Smith v. Department of Veterans Affairs, 1995 WL. 562281, C.A. No. 94-279 ........ 5, 6, 8

Tilden Financial Corp. v. Palo Tire Serv., 596 F.2d 604 (3rd Cir. 1979) ........ 6, 8

**STATUTES**

Fed.R.Civ.P. 56(c) ........ 5, 6, 8

42 U.S.C. § 2000a ........ 1, 6,

**STATEMENT OF NATURE AND STAGE OF PROCEEDINGS**

On February 16, 2005, Plaintiff, Prince Allen Marsh ("**Plaintiff**"), filed his complaint *pro se* against the Defendants, Delaware State University, Dr. Charles Smith, Drexel Ball, Kay Moses and Lowan Pitt (collectively, the "**Defendants**"), asserting violation by Defendants of Plaintiff's (i) civil rights under Title II of the Civil Rights Act, 42 U.S.C. § 2000a, (ii) right to a jury trial under the Seventh Amendment, (iii) protection from cruel and unusual punishment under the Eighth Amendment, and (iv) due process rights under the Fifth and Fourteenth Amendments.

On March 8, 2005, Plaintiff moved pursuant to Federal Rule of Civil Procedure 65 to enjoin the Defendants from denying Plaintiff entry as a student and athlete at Delaware State University.

On October 25, 2005, the Defendants answered Plaintiff's complaint and generally denied all liability to Plaintiff and preserved certain defenses, including that Plaintiff's complaint fails to state a claim upon which relief can be granted.

On December 1, 2005, a hearing was held with respect to Plaintiff's motion for injunctive relief. On January 19, 2006, the Court issued an Order and Memorandum Opinion denying Plaintiff's motion for injunctive relief.

On November 9, 2006, a pretrial conference was held. At the pretrial conference, the Court granted Defendants' request to file a dispositive motion past the deadline set in the Case Scheduling Order. This constitutes the Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b).

## SUMMARY OF ARGUMENTS

**I.** Delaware State University is not a place of public accommodation as defined under Title II. Instead, access to Delaware State University is restricted to only certain duly admitted students, faculty and staff; but not the general public. In any event, there is no evidence demonstrating that Plaintiff's expulsion was the result of his membership in a protected class.

**II.** The right to a jury trial afforded by the Seventh Amendment does not extend to the internal administrative hearing held at Delaware State University.

**III.** The protection against cruel and unusual punishment afforded by the Eighth Amendment does not extent to the internal administrative hearing held at Delaware State University.

**IV.** Plaintiff was given appropriate procedural due process with respect to the internal administrative hearing held at Delaware State University. Plaintiff cannot demonstrate loss of a fundamental right or protected property interest to support a claim for deprivation of substantive due process. In any event, Plaintiff's expulsion was justified and rationally related to Delaware State University's legitimate goal of providing a safe and drug-free school.

**STATEMENT OF FACTS**[1]

Plaintiff started college at Delaware State University ("**DSU**") in 2001 as a student and track athlete with a five year NCAA scholarship. On January 20, 2004, Plaintiff was arrested off-campus by the Dover Police for possession of a 9mm handgun and marijuana. Pursuant to a warrant, Plaintiff's dormitory room on campus was searched and a single 9mm round of ammunition and plastic bag of marijuana were found among his possessions.

DSU has a Zero-Tolerance Policy pertaining to drug and/or weapon possession by its students; a copy of which is included in the Student Handbook provided to all incoming students. The Zero Tolerance Policy makes clear that violations of its prohibitions will result in disciplinary action including expulsion from DSU. Violations of the Zero Tolerance Policy subject students to adjudication within the Student Judicial System. Through the Student Judicial System, DSU may impose sanctions it deems appropriate regardless of the outcome of related off-campus criminal or civil proceedings.

On January 23, 2004, Plaintiff was notified that the drugs, drug paraphernalia and weapons found in his possession both on and off campus gave rise to a potential violation of the Zero Tolerance Policy. Within that same letter, Plaintiff was advised of his right to request a hearing on the allegations against him. On January 27, 2004, Plaintiff requested a hearing to dispute the allegations against him. On January 28, 2004, Plaintiff was notified of the time, date and location of the hearing and informed that he had the right to have a student, faculty, or staff member present, to present witnesses and to testify on his own behalf.

At the hearing, which was before the DSU Zero Tolerance Subcommittee, Plaintiff admitted to possession of the 9mm round of ammunition but denied that the drugs or drug

---

[1] This statement of facts is derived from and reiterates the factual record established at the December 1, 2005 hearing on Plaintiff's motion for injunctive relief and as stated in this Court's opinion at 2006 WL 141680 (D. Del. Jan. 19, 2006) (attached).

paraphernalia found among his possessions in his dormitory room belonged to him. Based on the evidence presented at the hearing, the Zero Tolerance Subcommittee found that Plaintiff was responsible for the possession of the ammunition and recommended Plaintiff's expulsion from DSU. That decision was administratively reviewed by Lowann Pitt, who modified the decision to find Plaintiff responsible for possession of the drugs and drug paraphernalia found among his possessions in his dormitory room. Mr. Pitts advised Plaintiff that he would not be held responsible for the drugs and drug paraphernalia found among his possessions if he could provide a letter from someone else claiming responsibility for the drugs and drug paraphernalia. To date, Plaintiff has not offered any such exculpatory letter.

On February 9, 2004, Plaintiff was advised that he had been found in violation of the Zero Tolerance Policy and accordingly was expelled from DSU as of that date. Plaintiff was further informed of his right to appeal and instructed of the procedures and basis for such an appeal. On February 11, 2004, Plaintiff requested an appeal on the basis that substantial evidence did not support the charges against him. This despite Plaintiff admitting to possession of the 9mm round of ammunition. On February 24, 2004, Plaintiff was advised that his appeal was denied due to lack of new evidence to justify reconsideration of the sanction imposed. Thereafter, Plaintiff expressly authorized and/or requested that DSU send copies of his judicial record to admissions offices of other schools.

## ARGUMENTS

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 "requires the Court to enter summary judgment if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.'" Paul v. F.W. Woolworth Co., 809 F.Supp. 1155, 1158 (D. Del. 1992); Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying that the record demonstrates an absence of a genuine issue of material fact. See, e.g., Smith v. Department of Veterans Affairs, 1995 WL 562281, C.A. No. 94-279, Robinson, J., *1 (D. Del. Sept. 20, 1995) (attached). The moving party's burden may be discharged by demonstrating to the Court that there is "an absence of evidence to support the nonmoving party's case." Cuffy v. Getty Refining & Marketing Company, 648 F.Supp. 802, 807 (D. Del. 1986)(citing, Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 257 (3rd Cir. 1983), rev'd in part on other grounds sub nom. Matsushita Elect. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). The standard, however, "is not whether there is literally no evidence for the party who has not moved, nor is it enough for the nonmoving party to have provided a scintilla of evidence supporting its position." Paul, 809 F.Supp. at 1158 (citing, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

If the moving party satisfies its initial showing, the nonmoving party with the burden of proof at trial on the issues for which summary judgment is sought must then make a showing sufficient to establish the existence of an element essential to his case. Smith, 1995 WL 562281

at *2. To satisfy his burden in that circumstance, the nonmoving party must rely on more than the mere allegations of the complaint and must set forth specific facts showing that there is a genuine issue for trial. Id. (citing, Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 322-23). See also, Cuffy, 648 F.Supp. at 810 (nonmoving party may not rely upon "bare assertions" to defeat summary judgment); Tilden Financial Corp. v. Palo Tire Serv., 596 F.2d 604, 607 (3rd Cir. 1979)(same); United States v. Donlon, 355 F.Supp. 220, 225 (D. Del. 1973) ("Suspicion alone without discovery is not enough" to support nonmoving party's claim). "If a nonmoving party fails to meet its burden, a rational trier of fact would not be able to find for the nonmoving party, and the Court should enter summary judgment against it." Paul, 809 F.Supp. at 1158 (citing, Matsushita, 475 U.S. at 587).

Considered in light of these standards, Plaintiff's claims for violation of his (i) civil rights under Title II of the Civil Rights Act, 42 U.S.C. § 2000a, (ii) right to a jury trial under the Seventh Amendment, (iii) protection from cruel and unusual punishment under the Eighth Amendment, and (iv) due process rights under the Fifth and Fourteenth Amendments fail to state a claim upon which relief can be granted and judgment must be for the Defendants. Plaintiff's claims either rely upon constitutional provisions inapplicable as a matter of law or are so unsupported by the record that no rational trier of fact could find for the Plaintiff. These deficiencies are discussed *seriatim*.

## II. PLAINTIFF'S CLAIM FOR VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000a, FAILS AS A MATTER OF LAW AND OTHERWISE IS UNSUPPORTED BY THE RECORD

Section 2000a of Title II of the Civil Rights Act creates a private cause of action to remedy discrimination in public accommodations affecting interstate commerce. See Newman v. Piggie Park Enterprises, 390 U.S. 400 (1968). As a threshold matter, Plaintiff must show that

DSU is a place of public accommodation within the meaning of the statute. Once this showing is made, Plaintiff must then show the elements of a *prima facie* case of discrimination: (1) that Plaintiff is a member of a protected class; (2) that the Defendants intended to discriminate against Plaintiff on that basis; and (3) that the Defendants' racially discriminatory conduct abridged a right recognized in the statute. Marsh v. Delaware State Univ., 2006 WL 141680, at *5-6 (D. Del. Jan. 19, 2006) (attached).

Academic institutions are not places of public accommodation because they are not open to the public in the same manner as other establishments covered by Title II. See e.g., Gilmore v. Amityville Union Free Sch. Dist., 305 F.Supp.2d 271, 278-79 (E.D.N.Y. 2004); Harless v. Darr, 937 F.Supp. 1351, 1354 (S.D. Ind. 1996). In Martin v. University of New Haven, 359 F.Supp.2d 185 (D. Conn. 2005), plaintiff claimed violation of Title II because certain university professors commented on his religious beliefs while eating at a university cafeteria. The court held that the cafeteria was not a place of "public accommodation" subject to Title II because it was open only to students, faculty and staff of the university and not to the public in general. Id. at 188-89. In the instant case, Plaintiff generally alleges that DSU violated Title II. DSU is open only to its students, faculty and staff; and is not open to the general public in the sense that theaters, stores, hotels, etc. are generally open to all patrons. Thus, Plaintiff cannot show a requisite element of his claim because DSU is not a place of "public accommodation" under Title II.

Assuming *arguendo* that Plaintiff was able to demonstrate that DSU is subject to Title II, his claim also fails for lack of evidence. The complaint makes general reference that Plaintiff is African-American, however, there is no suggestion, and certainly no evidence, that Plaintiff's expulsion was related in any manner to his race. To the extent there is any such suggestion, it is

merely Plaintiff's speculation and conjecture – neither of which constitute valid grounds to oppose entry of summary judgment. Plaintiff is obligated to come forth with objective evidence that membership in a protected class served as a basis for his expulsion. Smith, 1995 WL 562281 at *2 (citing, Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 322-23). See also, Cuffy, 648 F.Supp. at 810 (nonmoving party may not rely upon "bare assertions" to defeat summary judgment); Tilden, 596 F.2d at 607 (same); Donlon, 355 F.Supp. at 225 ("Suspicion alone without discovery is not enough" to support nonmoving party's claim). Having failed to carry his burden, Plaintiff's Title II claim must be dismissed.

## III. PLAINTIFF'S CLAIM FOR VIOLATION OF HIS RIGHT TO A JURY TRIAL UNDER THE SEVENTH AMENDMENT FAILS AS A MATTER OF LAW

The constitutional right to a jury trial under the Seventh Amendment only applies to proceedings before a federal court. See e.g., Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 418 (1996). Thus, Plaintiff has no right to a jury at an internal DSU administrative hearing and the Seventh Amendment is not implicated. Accordingly, Plaintiff's claim for violation of the Seventh Amendment fails as a matter of law and must be dismissed.

## IV. PLAINTIFF'S CLAIM OF CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT FAILS AS A MATTER OF LAW

The Eighth Amendment prohibition against cruel and unusual punishment is limited to those individuals who have been convicted of criminal offenses and are incarcerated and does not apply to disciplinary measures meted out in public schools. Ingraham v. Wright, 430 U.S. 651, 664 (1977). The Eight Amendment is not applicable to DSU's internal administrative hearing. Thus, Plaintiff's claim for violation of the Eighth Amendment fails as a matter of law and must be dismissed.

## V. PLAINTIFF'S CLAIM FOR VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS FAILS AS A MATTER OF LAW AND IS OTHERWISE UNSUPPORTED BY THE RECORD

Plaintiff asserts a procedural due process violation by claiming an inability to appeal DSU's decision to expel him. The only evidence on this subject demonstrates that DSU advised Plaintiff of his appeal rights, Plaintiff exercised his appeal rights, and after considering Plaintiff's appeal DSU denied it on substantive grounds. No rational trier of fact could reasonably find Plaintiff was not afforded adequate appellate rights vis-à-vis DSU's internal administrative hearing. For this reason alone Plaintiff's due process claim must be dismissed.

Plaintiff also fails to state a procedural due process claim as a matter of law. There are two basic due process requirements: (1) notice, and (2) an opportunity to be heard. See e.g., Goss v. Lopez, 419 U.S. 565, 575 (1975). Notice generally requires identification of the charge and information about the policies allegedly violated, the possible penalties, and evidence that may be presented against the accused. See e.g., Flaim v. Medical College of Ohio, 418 F.3d 629, 638 (6th Cir. 2005); Dixon v. Alabama State Bd. of Education, 294 F.2d 150 (5th Cir. 1961). Opportunity to be heard generally means a chance for the accused to respond, explain and defend himself at a hearing. Flaim, 418 F.3d at 633-36. In the instant case, Plaintiff was given written notice of the charges against him, informed of his right to present witnesses, to have a student or faculty advisor or representative at the hearing, and was given an opportunity to present evidence and make a statement at the hearing. Plaintiff had the right to appeal DSU's decision to expel him, although Plaintiff failed to satisfy the prerequisites to effectuate that appeal. Thus, the procedure afforded Plaintiff did not violate his due process rights.

To the extent Plaintiff's complaint can be read to assert a substantive due process claim, such claim fails as a matter of law. There are two inquiries used for purposes of the substantive

due process analysis. Under the first test, Plaintiff need not prove a violation of a specific liberty or property interest, however, DSU's conduct must "shock the conscience." Rochin v. California, 342 U.S. 165, 172-73 (1952). Under the second test, Plaintiff must demonstrate a violation of an identified liberty or property interest protected by the Due Process Clause. See Nicholas v. Pennsylvania State University, 227 F.3d 133, 139 (3d Cir. 2000).

Courts considering suspension and expulsion for disciplinary violations have declined to find that such suspensions or expulsions rise to the level of conscience shocking behavior. Flaim, 418 F.3d at 642 (holding that medical school student's expulsion for conviction of felony drug crime did not shock the conscience); Gomes v. University of Maine System, 304 F.Supp. 117, 125 (D. Me. 2004) (requiring extreme or intrusive physical conduct by state to rise to the level of conscience shocking behavior and concluding that suspension for alleged sexual assault did not violate substantive due process). DSU's expulsion of Plaintiff was a reasoned decision made after consideration of the evidence presented at the hearing. Such decision was not arbitrary or capricious and certainly does not rise to the level of conscience shocking behavior.

Furthermore, the pursuit of an education is not a fundamental right for purposes of due process. San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1 (1973); see also Hill v. Board of Trustees of Mich. State Univ., 182 F.Supp.2d 621, 626-27 (W.D. Mich. 2001) (holding that right to public college education is not a fundamental right and assuming without deciding that continued enrollment in university is a protected property interest). Thus, Plaintiff cannot demonstrate a requisite element of his claim (i.e., deprivation of a fundamental right or protected property interest). Assuming *arguendo* that Plaintiff could demonstrate deprivation of a fundamental right or protected property interest, his expulsion is rationally related to DSU's legitimate goal of protecting its students, faculty, staff and visitors from harm associated with

weapons and drugs on campus. This comports with those cases concluding expulsion in the context of drugs and weapons charges is rationally related to the legitimate goals of maintaining safe and drug-free schools. See e.g., Hammock v. Keys, 93 F.Supp.2d 1222, 1231 (S.D. Ala. 2000) (denying motion to enjoin expulsion and concluding that student failed to state a substantive or procedural due process claim); Mitchell v. Bd. of Trustees of Oxford Mun. Separate School Dist., 625 F.2d 660, 664-65 (5th Cir. 1980). Accordingly, Plaintiff's due process claim fails as a matter of law and is unsupported by the record.

## CONCLUSION

The claims Plaintiff asserts in this case are simply not applicable as a matter of law. Given that Plaintiff's claims arise from an internal administrative hearing at DSU, he is not entitled to Seventh or Eighth Amendment protections for such hearing. Title II is not applicable because DSU is not a place of public accommodation (i.e., access to DSU is restricted to only those duly admitted students, faculty and staff). Finally, Plaintiff was afforded adequate procedural and substantive due process. For these reasons, judgment must be for the Defendants on all claims in the complaint.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: ______________________________

Marc S. Casarino (#3613)
824 N. Market Street, Suite 902
P. O. Box 709
Wilmington, DE 19899-0709
Telephone: 302-467-4520
Facsimile: 302-467-4550
casarinom@whiteandwilliams.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PRINCE ALLEN MARSH,<br><br>Plaintiff,<br><br>v.<br><br>DELAWARE STATE UNIVERSITY, DR. CHARLES SMITH, DREXEL BALL, KAY MOSES, and LOWAN PITT,<br><br>Defendant. | CIVIL ACTION NO. 05-087 (JJF) |

**CERTIFICATE OF SERVICE**

I, Marc S. Casarino, Esquire, do hereby certify that on this 30th day of November, 2006, two (2) copies of the foregoing **Opening Brief in Support of Motion by Defendants for Judgment Pursuant to Federal Rule of Civil Procedure 56(b)** were delivered by U.S. mail to the following party:

Prince Allen Marsh
434 Simpson Place
Peekskill, NY 10566

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: ______________________
Marc S. Casarino (#3613)
824 N. Market Street, Suite 902
P. O. Box 709
Wilmington, DE 19899-0709
Telephone: 302-467-4520
Facsimile: 302-467-4550
casarinom@whiteandwilliams.com

*Attorneys for Defendants*