Not Reported in F.Supp.  
Not Reported in F.Supp., 1995 WL 562281 (D.Del.)  
**(Cite as: Not Reported in F.Supp.)**

Page 1

Briefs and Other Related Documents  
Smith v. Dept. of Veterans AffairsD.Del.,1995.Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Donald SMITH, Plaintiff,
v.
DEPARTMENT of VETERANS AFFAIRS, United States of America, Defendant.
**Civ. A. No. 94-279-SLR.**

Sept. 20, 1995.

Donald Smith, Bridgeton, NJ, pro se.
John J. Polk, First Assistant United States Attorney, Wilmington, DE, for defendant.

*MEMORANDUM OPINION*
SUE L. ROBINSON, District Judge:

*I. Introduction*

*1 Plaintiff Donald Smith filed this medical malpractice action against the Department of Veterans Affairs on May 27, 1994. He alleges that the medical staff of the Veterans Hospital in Elsmere, Delaware was negligent in its treatment of the plaintiff for blood clots. On January 27, 1995, the court granted plaintiff's counsel's motion to withdraw from the case and directed plaintiff to notify the court, on or before March 31, 1995, whether he was going to proceed with new counsel or *pro se.* Plaintiff was also ordered to provide defendant with an expert report, as required by Federal Rule of Civil Procedure 26(a)(2)(B), by March 31, 1995. On June 30, the court received a request from plaintiff for two additional months to obtain new counsel. Although nearly three months have passed since that request, plaintiff has neither filed an appearance by new counsel, notified the court of an intention to proceed *pro se,* nor produced an expert report. Defendant has moved for summary judgment based on plaintiff's failure to produce the expert medical testimony necessary to establish a *prima facie* case. For the reasons stated below, the defendant's motion for summary judgment will be granted.

*II. Background*

The following facts are undisputed:

In June of 1992, plaintiff was admitted to the Veterans Hospital in Elsmere, Delaware. A test performed during his stay indicated a clot in the mid-portion of plaintiff's left superficial femoral vein. Plaintiff was treated with intravenous Heparin therapy and then Coumadin. (D.I. 1 at ¶ 4, D.I. 3 at ¶ 4) Some time after this treatment was initiated, plaintiff complained of pain in his left side, and an area of discoloration formed on his left thigh. (D.I. 1 at ¶ 4, D.I. 3 at ¶ 4) Upon inspection of the area of pain and discoloration, the development of hypesthesia and dysesthesia in the area was noted. (D.I. 1 at ¶ 4, D.I. 3 at ¶ 4)

In addition, plaintiff alleges that members of the medical staff of the Veterans Hospital negligently failed to review his medical charts, to timely diagnose his reaction to Coumadin, and to take proper steps in response to his reaction to the drug. (D.I. 1 at ¶ 6) Plaintiff claims that the medical staff's negligence proximately caused his permanent scarring, nerve damage, and prolonged hospitalization. (D.I. 1 at ¶ 7)

*III. Discussion*

*A. Summary Judgment Standard*

Federal Rule of Civil Procedure 56(c) provides that a party is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*2 Where, as here, the nonmoving party opposing summary judgment has the burden of proof at trial on the issue for which summary judgment is sought, he must then make a showing sufficient to establish the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 562281 (D.Del.)
(Cite as: Not Reported in F.Supp.)

Page 2

existence of an element essential to his case. The "adverse party may not rest upon the mere allegations [of the complaint], but the adverse party's response, by affidavits [or other evidence], must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. Id. at 322.

*B. Liability Under the Federal Tort Claims Act*

Under the Federal Tort Claims Act, the United States is liable for tortious acts "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Liability in this case is therefore to be decided according to Delaware law. See Haginikitos v. United States, 412 F.2d 219, 220 (3d. Cir.1969).

*C. Delaware Law*

To establish liability on the part of the defendant, plaintiff must prove that the defendant was negligent, and that defendant's negligent conduct proximately caused the plaintiff's injury. See Culver v. Bennett, 588 A.2d 1094 (Del.1991). Under Delaware law, establishing proximate cause requires the plaintiff to prove that but for the tortious conduct of the defendant, the injury which was suffered would not have occurred. Id. at 1097. The issue of proximate cause is ordinarily a question of fact to be submitted to the jury. Id. at 1098. However, before the question of proximate cause may be submitted to the jury, the plaintiff is required to establish a *prima facie* case on that issue. Such a case can be made based upon an inference from the plaintiff's competent evidence, only if such a finding relates to a matter which is within a layperson's scope of knowledge. "If the matter in issue is one within the knowledge of experts only and not within the common knowledge of laymen, it is necessary for the plaintiff to introduce expert testimony in order to establish a *prima facie* case." M.S. Madden, Products Liability 533 (2d ed. 1988). See Mountaire of Delmarva, Inc. v. Glacken, 487 A.2d 1137, 1141 (Del.1984); Weiner v. Wisniewski, 213 A.2d 857, 858 (Del.1965).

In a medical malpractice action, Delaware law specifically requires that plaintiff's claims be supported by expert medical testimony as to both the alleged deviation from the applicable standard of care and the causal connection between the wrongful conduct and the alleged injury. 18 Del.C. § 6853.[FN1] See Burkhart v. Davies, 602 A.2d 56, 59, (Del.1991), cert. denied, 504 U.S. 912 (1992). In the absence of an applicable statutory exception or competent medical testimony establishing negligence, defendant is entitled to summary judgment. See Burkhart, 602 A.2d at 60. Moreover, when there has been adequate time for discovery and the record unambiguously reflects that plaintiff's allegations are not and will not be supported by any expert testimony, defendant's motion for summary judgment does not require the support of an expert's affidavit proving conformance to community standards. Id.

*3 The Delaware Supreme Court has upheld summary judgment in cases where the proffered expert testimony has been inadequate or nonexistent. See, e.g., id.; Wahle v. Medical Center, 559 A.2d 1228 (Del.1989). In this case, despite numerous opportunities to do so, plaintiff has failed to identify an expert witness. Therefore, plaintiff has failed to demonstrate that there exists a genuine issue of fact as to whether defendant's conduct violated the existing Delaware standard of care. Accordingly, the court shall grant summary judgment in favor of the defendant.

*IV. Conclusion*

For the reasons stated herein, defendant's motion for summary judgment shall be granted. An order consistent with this memorandum opinion shall issue.

> FN1. 18 Del.C. § 6853 provides that "[n]o liability shall be based upon asserted negligence unless expert medical testimony is presented as to the alleged deviation from the applicable standard of care in the alleged personal injury or death...." The statute provides four exceptions to this requirement, none of which is applicable here.

D.Del.,1995.
Smith v. Dept. of Veterans Affairs
Not Reported in F.Supp., 1995 WL 562281 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:94CV00279 (Docket) (May. 27, 1994)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1995 WL 562281 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.