## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRINCE ALLEN MARSH,                )
                                )
    Plaintiff,        )
                                )    CIVIL ACTION NO.  05-087 (JJF)
    v.                )
                                )
DELAWARE STATE UNIVERSITY, DR.      )
CHARLES SMITH, DREXEL BALL, KAY     )    TRIAL BY JURY REQUESTED
MOSES, and LOWAN PITT,              )
                                )
    Defendant.        )
                                )

## REPLY BRIEF IN SUPPORT OF
## MOTION BY DEFENDANTS FOR JUDGMENT
## <u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(b)</u>

Marc S. Casarino (#3613)
**WHITE AND WILLIAMS LLP**
824 N. Market Street, Suite 902
P. O. Box 709
Wilmington, DE  19899-0709
Telephone:    302-467-4520
Facsimile:    302-467-4550
casarinom@whiteandwilliams.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

Table of Citations...................................................................................................... ii

Arguments..................................................................................................................1

    I.    Standard of Review...................................................................................1

    II.   Plaintiff's Claim for Violation of Title II of the Civil Rights Act, 42 U.S.C.
        § 2000a, Fails as a Matter of Law and Otherwise is Unsupported by the
        Record...................................................................................................1

    III.  Plaintiff's Claim for Violation of His Right to a Jury Trial Under the
        Seventh Amendment Fails as a Matter of Law........................................................2

    IV.  Plaintiff's Claim of Cruel and Unusual Punishment in Violation of the
        Eighth Amendment Fails as a Matter of Law........................................................2

    V.   Plaintiff's Claim for Violation of His Due Process Rights Under the Fifth
        and Fourteenth Amendments Fails as a Matter of Law and is Otherwise
        Unsupported by the Record .................................................................................3

Conclusion ...............................................................................................................5

WILDMS 140793v.1

## TABLE OF CITATIONS

### CASES

Dixon v. Alabama State Bd. of Education, 294 F.2d 150 (5th Cir. 1961)....................................3

Flaim v. Medical College of Ohio, 418 F.3d 629 (6th Cir. 2005) ................................................3

Gasperini v. Center for Humanities, Inc., 518 U.S. 415 (1996) ...................................................2

Gilmore v. Amityville Union Free Sch. Dist., 305 F. Supp. 2d 271 (E.D.N.Y. 2004).................2

Goss v. Lopez, 419 U.S. 565 (1975)..............................................................................................3

Hammock v. Keys, 93 F. Supp. 2d 1222 (S.D. Ala. 2000)............................................................4

Harless v. Darr, 937 F. Supp. 1351 (S.D. Ind. 1996)...................................................................2

Hill v. Board of Trustees of Mich. State Univ., 182 F. Supp. 2d 621 (W.D. Mich. 2001)...........3

Ingraham v. Wright, 430 U.S. 651 (1977) .....................................................................................2

Marsh v. Delaware State Univ., 2006 WL. 141680 (D. Del. Jan. 19, 2006) ................................1

Martin v. University of New Haven, 359 F. Supp. 2d 185 (D. Conn. 2005)..................................2

Mitchell v. Bd. of Trustees of Oxford Mun. Separate School Dist., 625 F.2d 660 (5th Cir.
    1980) ..........................................................................................................................................4

San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1 (1973) ..................................................3

### STATUTES

Fed.R.Civ.P. 56(c) ........................................................................................................................1

WILDMS 140793v.1

## ARGUMENTS

### I.    STANDARD OF REVIEW

Plaintiff makes no attempt to dispute the standard of review set forth in the Opening Brief in Support of the Motion by Defendants for Judgment Pursuant to Federal Rule of Civil Procedure 56(b) ("**Opening Brief**"). The Defendants stand by the standard of review set forth in the Opening Brief. Considering those standards herein, Plaintiff's claims for violation of his (i) civil rights under Title II of the Civil Rights Act, 42 U.S.C. § 2000a, (ii) right to a jury trial under the Seventh Amendment, (iii) protection from cruel and unusual punishment under the Eighth Amendment, and (iv) due process rights under the Fifth and Fourteenth Amendments fail to state a claim upon which relief can be granted and judgment must be for the Defendants. Plaintiff's claims either rely upon constitutional provisions inapplicable as a matter of law or are so unsupported by the record that no rational trier of fact could find for the Plaintiff.

### II.    PLAINTIFF'S CLAIM FOR VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000a, FAILS AS A MATTER OF LAW AND OTHERWISE IS UNSUPPORTED BY THE RECORD

For Plaintiff's Title II claim to survive, Plaintiff must show that Delaware State University ("**DSU**") is a place of public accommodation within the meaning of the statute. Once this showing is made, Plaintiff must then show the elements of a *prima facie* case of discrimination: (1) that Plaintiff is a member of a protected class; (2) that the Defendants intended to discriminate against Plaintiff on that basis; and (3) that the Defendants' racially discriminatory conduct abridged a right recognized in the statute. Marsh v. Delaware State Univ., 2006 WL 141680, at *5-6 (D. Del. Jan. 19, 2006) (attached).

First, Plaintiff has failed to demonstrate that DSU is a place of public accommodation subject to Title II. Academic institutions are not places of public accommodation because they

WILDMS 140793v.1

are not open to the public in the same manner as other establishments covered by Title II. See e.g., Gilmore v. Amityville Union Free Sch. Dist., 305 F.Supp. 271, 278-79 (E.D.N.Y. 2004); Harless v. Darr, 937 F.Supp. 1351, 1354 (S.D. Ind. 1996); Martin v. University of New Haven, 359 F.Supp.2d 185 (D. Conn. 2005). Nothing in the record and certainly nothing in Plaintiff's responsive brief alters this conclusion. Since DSU is not a place of "public accommodation" under Title II, Plaintiff cannot demonstrate a requisite element of his claim.

Assuming *arguendo* that Plaintiff was able to demonstrate that DSU is subject to Title II, his claim also fails for lack of evidence. Nothing in the record suggests that Plaintiff's expulsion was on account of his membership in a protected class. Having failed to carry his burden, Plaintiff's Title II claim must be dismissed.

## III.    PLAINTIFF'S CLAIM FOR VIOLATION OF HIS RIGHT TO A JURY TRIAL UNDER THE SEVENTH AMENDMENT FAILS AS A MATTER OF LAW

The constitutional right to a jury trial under the Seventh Amendment only applies to proceedings before a federal court. See e.g., Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 418 (1996). Thus, Plaintiff has no right to a jury at an internal DSU administrative hearing and the Seventh Amendment is not implicated. Plaintiff cannot cite authority to the contrary. Accordingly, Plaintiff's claim for violation of the Seventh Amendment fails as a matter of law and must be dismissed.

## IV.    PLAINTIFF'S CLAIM OF CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT FAILS AS A MATTER OF LAW

The Eighth Amendment prohibition against cruel and unusual punishment is limited to those individuals who have been convicted of criminal offenses and are incarcerated and does not apply to disciplinary measures meted out in public schools. Ingraham v. Wright, 430 U.S. 651, 664 (1977). The Eight Amendment is not applicable to DSU's internal administrative

WILDMS 140793v.1

hearing. Plaintiff cannot cite authority to the contrary. Thus, Plaintiff's claim for violation of the Eighth Amendment fails as a matter of law and must be dismissed.

## V.    PLAINTIFF'S CLAIM FOR VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS FAILS AS A MATTER OF LAW AND IS OTHERWISE UNSUPPORTED BY THE RECORD

For the reasons set forth in the Opening Brief, Plaintiff was afforded adequate procedural and substantive due process throughout the administrative process at DSU. Plaintiff fails to identify any objective evidence to the contrary. Instead, Plaintiff references irrelevant historical injustices[1] and makes conclusory accusations that the administrative process at DSU was biased against the Plaintiff.

The record demonstrates that the administrative process at DSU afforded Plaintiff appropriate notice and opportunity to be heard so as to guarantee his procedural due process rights. See e.g., Goss v. Lopez, 419 U.S. 565, 575 (1975); Flaim v. Medical College of Ohio, 418 F.3d 629, 638 (6th Cir. 2005); Dixon v. Alabama State Bd. of Education, 294 F.2d 150 (5th Cir. 1961). Additionally, DSU's expulsion of Plaintiff was a reasoned decision made after consideration of the evidence presented at the administrative hearing. Such decision was not arbitrary or capricious and certainly does not rise to the level of conscience shocking behavior constituting a substantive due process deprivation.

Furthermore, the pursuit of an education is not a fundamental right for purposes of due process. San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1 (1973); Hill v. Board of Trustees of Mich. State Univ., 182 F.Supp.2d 621, 626-27 (W.D. Mich. 2001) There being no deprivation of a fundamental right in this matter, Plaintiff's due process claim fails. Assuming arguendo that Plaintiff could demonstrate deprivation of a fundamental right or protected

---

[1] This is not to say that the historical injustices cited by Plaintiff are irrelevant to humanity, they certainly are not, but only that they are irrelevant to the matter at hand.

-3-

property interest, his expulsion is rationally related to DSU's legitimate goal of protecting its students, faculty, staff and visitors from harm associated with weapons and drugs on campus. This comports with those cases concluding expulsion in the context of drugs and weapons charges is rationally related to the legitimate goals of maintaining safe and drug-free schools. See e.g., Hammock v. Keys, 93 F.Supp.2d 1222, 1231 (S.D. Ala. 2000) (denying motion to enjoin expulsion and concluding that student failed to state a substantive or procedural due process claim); Mitchell v. Bd. of Trustees of Oxford Mun. Separate School Dist., 625 F.2d 660, 664-65 (5th Cir. 1980). Accordingly, Plaintiff's due process claim fails as a matter of law and is unsupported by the record.

## CONCLUSION

For the reasons set forth in the Opening Brief and herein, there is no genuine dispute of material fact, Plaintiff's claims fail as a matter of law, and judgment must be for DSU.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: _____
Marc S. Casarino (#3613)
824 N. Market Street, Suite 902
P. O. Box 709
Wilmington, DE  19899-0709
Telephone:    302-467-4520
Facsimile:    302-467-4550
casarinom@whiteandwilliams.com

*Attorneys for Defendants*

-5-

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRINCE ALLEN MARSH,          )
                                     )

          Plaintiff,         )
                                     )
                                     )    CIVIL ACTION NO.  05-087 (JJF)

       v.                  )
                                     )

DELAWARE STATE UNIVERSITY, DR.    )
CHARLES SMITH, DREXEL BALL, KAY    )
MOSES, and LOWAN PITT,         )
                                     )

          Defendant.       )
                                     )

## CERTIFICATE OF SERVICE

    I, Marc S. Casarino, Esquire, do hereby certify that on this 1st day of February, 2007, two

(2) copies of the foregoing **Reply Brief in Support of Motion by Defendants for Judgment**

**Pursuant to Federal Rule of Civil Procedure 56(b)** were delivered by U.S. mail to the

following party:

               Prince Allen Marsh
               434 Simpson Place
               Peekskill, NY  10566

                                   Respectfully submitted,

                                   **WHITE AND WILLIAMS LLP**

               By:                     
                                   Marc S. Casarino (#3613)
                                   824 N. Market Street, Suite 902
                                   P. O. Box 709
                                   Wilmington, DE  19899-0709
                                   Telephone:    302-467-4520
                                   Facsimile:     302-467-4550
                                   casarinom@whiteandwilliams.com

                                   *Attorneys for Defendants*