IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRINCE ALLEN MARSH,                :
                                    :
           Plaintiff,               :
                                    :
      v.                            : Civ. Act. No. 05-00087-JJF
                                    :
DELAWARE STATE UNIVERSITY,          :
DR. CHARLES SMITH, DREXEL           :
BALL, KAY MOSES, LOWAN PITT,        :
                                    :
           Defendants.              :

---

Prince Allen Marsh, Pro Se Plaintiff.

Marc S. Casarino, Esquire of WHITE & WILLIAMS, Wilmington, Delaware.
Counsel for Defendants.

---

**MEMORANDUM OPINION**

February 15, 2007
Wilmington, Delaware.

**Farnan, District Judge.**

Pending before the Court is a Motion For Summary Judgment Pursuant To Federal Rule of Civil Procedure 56(b) (D.I. 45) filed by Defendants, Delaware State University, Dr. Charles Smith, Drexel Ball, Kay Moses and Lowan Pitt. For the reasons discussed, the Court will grant Defendants' Motion.

## BACKGROUND

### I. Factual Background

The factual background relevant to this action has been set forth fully by the Court in its January 19, 2006 decision denying Plaintiff's Motion For A Preliminary Injunction. <u>Marsh v. University of Delaware</u>, 2006 WL 141680 (D. Del. Jan. 19, 2006). By way of brief summary, Plaintiff was suspended from the University of Delaware (the "University") after his dormitory room was searched by Dover Police and a security officer from the University. The search of Plaintiff's room was conducted pursuant to a warrant following his arrest by the Dover Police off-campus for possession of marijuana and a handgun. The search uncovered a single 9mm round of ammunition matching the caliber of the weapon found in Plaintiff's possession and a small plastic bag containing marijuana.

In addition to state charges which were adjudicated separately, the University charged Plaintiff with possession of illegal drugs, possession of drug paraphernalia and possession of

2

a weapon and ammunition. Plaintiff was notified in writing of the charges and his right to request a hearing. Plaintiff requested a hearing and was notified of the time, date, and location of his hearing before the Zero Tolerance Subcommittee, as well as his right to be represented by a student, faculty or staff member, his right to request the presence of his accuser, and his right to have witnesses testify on his behalf.

The Zero Tolerance Subcommittee found that Plaintiff was responsible for the ammunition charge based on his admission that he possessed the bullet and recommended that Plaintiff be expelled. Plaintiff was not found responsible for the drug related charges; however, upon administrative review, Defendant Lowan Pitt ultimately held Plaintiff responsible for the drug charges based on the University's guidelines for student responsibility for areas under the students' control, unless Plaintiff could provide a letter from another party claiming responsibility for the drugs. No such letter was ever submitted by Plaintiff.

Plaintiff was informed by letter that he was expelled from the University. Plaintiff was also informed that he had a right to appeal if he could demonstrate a lack of due process, a lack of substantial evidence, or the availability of new evidence. Plaintiff requested an appeal on the grounds that substantial evidence did not support the Zero Tolerance Subcommittee's findings, and his appeal was denied.

**II. Procedural Background**

Plaintiff filed the instant civil action alleging four cases of action: (1) Defendants violated his due process rights under the Fifth and Fourteenth Amendments, (2) Defendants violated his right to a jury trial under the Seventh Amendment, (3) Defendants subjected him to cruel and unusual punishment under the Eighth Amendment, and (4) Defendants discriminated against him on the basis of his race under Title II of the Civil Rights Act, 42 U.S.C. § 2000a. Plaintiff also filed a motion for preliminary injunction requesting reinstatement to the University, which the Court denied.

Defendants filed the instant Motion For Summary Judgment. Plaintiff's response to the Motion was due December 18, 2006. By letter dated January 1, 2007 (D.I. 48), Plaintiff requested an extension of time to file an Answering Brief to the Motion. The Court granted Plaintiff's request (D.I. 49), and Plaintiff filed a letter response (D.I. 52) dated January 26, 2007.[1] Thereafter, Defendants filed a Reply Brief. Accordingly, Defendants' Motion is ripe for review.

---

[1] In his letter, Plaintiff again requests the Court to appoint him counsel, but the Court has previously concluded that counsel is not warranted. As discussed by the Court in this decision and its previous decision related to injunctive relief, Plaintiff's claims lack merit. In addition, the legal issues presented in this case are not complex, and Plaintiff has demonstrated the ability to represent himself. See e.g., Tabron v. Grace, 6 F.3d 147, 155 (3d. Cir. 1993). Accordingly, the Court concludes that no basis exists to justify the appointment of counsel.

4

## STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there are triable issues of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). However, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary

judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to demonstrate a genuine issue of material fact and fails to make a sufficient showing on an essential element of the case to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## DISCUSSION

**I.  Whether Defendants Are Entitled To Summary Judgment On Plaintiff's Eighth Amendment Claim**

Plaintiff alleges that Defendants' decision to expel him from the University constitutes cruel and unusual punishment under the Eighth Amendment. As the Court recognized in its decision denying Plaintiff's request for injunctive relief, the Eighth Amendment only applies to individuals who have been convicted of criminal offenses and who are incarcerated. The Eighth Amendment does not apply to disciplinary measures meted out by public schools. Marsh, 2006 WL 141680 at *3. Given the facts of this case, the Court concludes that Plaintiff cannot establish a claim under the Eighth Amendment as a matter of law, and therefore, the Court will grant summary judgment in favor of Defendants on Plaintiff's Eighth Amendment claim.

**II. Whether Defendants Are Entitled To Summary Judgment On Plaintiff's Seventh Amendment Claim**

Plaintiff also alleges that Defendants violated his Seventh

6

Amendment right to a jury trial by allowing his hearing to proceed before the Zero Tolerance Subcommittee without a jury. As the Court also recognized in its previous injunction decision, the Seventh Amendment right to a jury trial only applies to proceedings before a federal court.  Id.  Because Plaintiff's disciplinary hearing was an internal administrative proceeding of the University, the Court concludes, as a matter of law, that Defendant was not entitled to a jury under the Seventh Amendment. Accordingly, the Court will grant summary judgment in favor of Defendants on Plaintiff's Seventh Amendment claim.

**III. Whether Defendants Are Entitled To Summary Judgment On Plaintiff's Title II Claim**

To establish a claim under Title II of the Civil Rights Act, Section 2000(a), Plaintiff must demonstrate, as a threshold matter, that the University is a place of public accommodation within the meaning of the statute.  Plaintiff must then demonstrate the elements of a prima facie case of discrimination. Specifically, Plaintiff must show that (1) he is a member of a protected class; (2) Defendants intended to discriminate against him on that basis; and (3) Defendants' discriminatory conduct abridged a right recognized in the statute.  Id. at *5.

In its decision denying Plaintiff's request for an injunction, the Court expressed a concern that Title II may not be applicable to Plaintiff's claims because public schools are not considered places of public accommodation within the meaning

7

of Title II. Plaintiff has not come forward with any argument demonstrating that this line of cases should not be applied to the University, and Plaintiff has not offered any evidence otherwise suggesting that the University should be considered a place of public accommodation. In addition, Plaintiff has failed to move beyond the allegations of his pleadings to demonstrate a genuine issue of material fact with respect to any of the elements of a <u>prima</u> <u>facie</u> case of discrimination. Plaintiff alleges that he is African-American, but Plaintiff has not offered any evidence to demonstrate that his expulsion was racially motivated. To the contrary, the unrebutted evidence demonstrates no racial animus towards Plaintiff and shows only that his expulsion was premised upon his admission to possession of ammunition and his responsibility for marijuana found in his dorm room.[2] Because Plaintiff has failed to demonstrate the

---

[2] In his letter response, Plaintiff indicates that he is waiting to receive a notarized affidavit from his roommate "of how those two items [the bullets and marijuana] came to be in the room at the time the room was reached." (D.I. 52 at 2-3.) Even if Plaintiff's roommate accepted responsibility for the contraband at this point, Plaintiff has not explained how that evidence would impact his claims before this Court. To succeed on a claim here, Plaintiff must demonstrate that Defendants' intended to unlawfully discriminate against him. Defendants' decision to expel Plaintiff was based on the evidence produced at the time of his hearing and subsequent administrative appeals, which included an admission by Plaintiff that he possessed the bullet. Expulsion was recommended on this ground alone. Although Plaintiff was also ultimately held responsible for the drug charges, there is no suggestion in the record that, even if he had produced a letter that his roommate owned the marijuana in his room, that he would not have been expelled. Further, while the University is free to consider any new evidence concerning

applicability of Title II to his claim as a threshold matter and failed to establish a genuine issue of material fact with respect to the elements of a claim of discrimination, the Court will grant summary judgment in favor of Defendants.

**IV. Whether Defendants Are Entitled To Summary Judgment On Plaintiff's Due Process Claims**

  A.  Procedural Due Process

Plaintiff contends that Defendants violated his procedural due process rights by denying his right to appeal the University's decision expelling him. Due process requires notice and an opportunity to be heard. Although oral notice may be sufficient in the case of short suspensions from school, longer suspensions or expulsions may require more formal written notice of the charges and policies violated. The hearing requirement is satisfied if the accused is provided an opportunity to respond, explain and defend himself or herself. In this regard, due process is considered to be satisfied when the accused is given the right to make a statement and present evidence and witnesses on his or her behalf. In the context of school settings, courts have recognized that the hearing need not be open to the public and that counsel or a campus advocate need not generally be

---

the ownership of the contraband that Plaintiff may offer, the Court cannot conclude that such evidence has any impact on the claims Plaintiff asserts in this action, because the evidence of ownership does not go to the issue of whether Defendants discriminated against Plaintiff on the basis of his membership in a protected class.

9

appointed. Courts have also recognized that a right to appeal is not required. <u>Marsh</u>, 2006 WL 141680 at *3.

In the circumstances of this case, the Court concludes that Plaintiff cannot establish a violation of his due process rights as a matter of law. Plaintiff was provided written notice of the charges against him and afforded a hearing. He was advised of his right to present evidence and witnesses and of his right to have a representative at the hearing. Plaintiff was also provided an opportunity to appeal if certain requirements were satisfied. The Due Process Clause sets "a floor or lower limit on what is constitutionally adequate," and the Court concludes that the procedures used by the University in this case are sufficient to satisfy due process. See e.g., <u>Flaim v. Medical College of Ohio</u>, 418 F.3d 629 (6th Cir. 2005). Accordingly, the Court will enter summary judgment in favor of Defendants on Plaintiff's procedural due process claim.

    B.   <u>Substantive Due Process</u>

To the extent that Plaintiff contends that the University violated his substantive due process rights, the Court likewise concludes that Plaintiff has failed to establish a claim as a matter of law. To demonstrate a violation of substantive due process, Plaintiff must show that Defendants violated an identified liberty or property interest protected by the due process clause, or that Defendants' conduct "shocks the conscience." Courts considering cases of expulsion or suspension

10

for disciplinary violations have declined to find that such conduct shocks the conscience, see e.g., Flaim, 418 F.3d at 643; Gomes v. University of Maine System, 304 F. Supp. 117 (D. Me. 2004), and in the circumstances of this case, the Court agrees that the University's decision to expel Plaintiff in connection with his admission that he possessed ammunition for a weapon does not shock the conscience.

The Court also concludes that even if Plaintiff could identify a protected liberty interest under the Due Process Clause, Plaintiff has not demonstrated a violation of his substantive due process rights. Courts examining substantive due process claims in the context of academic disciplinary proceedings consider whether the punishment imposed by the institution is rationally related to a legitimate purpose. Marsh, 2006 WL 141680 at *5. In this case, Plaintiff has not established that his punishment was arbitrary and capricious or lacked a rational basis to a legitimate purpose. Courts considering drug and weapons charges in the context of expulsion from school have concluded that such punishment is rationally related to the legitimate goal of maintaining safe and drug free schools. Id. (collecting cases).

In this case, Plaintiff admitted to possession of ammunition on school premises for a weapon matching the caliber of the weapon found in Plaintiff's possession while he was off-campus. Marijuana was also found in Plaintiff's dormitory room, and to

11

date, Plaintiff never submitted any exculpatory letter from another individual claiming ownership of the substance found in his room.[3] In these circumstances, the Court concludes that the University's decision to expel Plaintiff was rationally related to the legitimate purpose of fostering a safe and drug free campus, and the Court will not second-guess the wisdom of the University's Zero Tolerance Policy. See e.g., Ratner v. Loudon County Public Schools, 16 Fed. Appx. 140, 142 (4th Cir. 2001); Mitchell v. Bd. of Trustees of Oxford Mun. Separate Sch. Dist., 625 F.2d 660, 664-665 (5th Cir. 1980). Accordingly, the Court concludes that Defendants are entitled to judgment as a matter of law on Plaintiff's substantive due process claim.[4]

### CONCLUSION

For the reasons discussed, the Court will grant Defendants' Motion For Summary Judgment.

An appropriate Order will be entered.

---

[3] As explained in note 2 supra, Plaintiff admitted to possession of the bullet, and this offense alone was sufficient to justify his expulsion. Regardless of whether or not he possessed the marijuana, the Court concludes that expulsion for the admitted possession of ammunition is rationally related to the legitimate goal of maintaining a safe school environment.

[4] In his letter response, Plaintiff also refers to the fact that the University sent out his disciplinary records to other schools he applied to after his expulsion. The Court addressed this issue in its decision on injunctive relief. Plaintiff consented to the transmission of his disciplinary records. Indeed, as Plaintiff acknowledges in his letter response, these records were "provid[ed] to future potential schools (as required) . . ." (D.I. 52 at 2, emphasis added.) Plaintiff's remaining allegations of bias and injustice are not supported by any evidence, and therefore, are insufficient to avoid summary judgment.