Mr. Prince Allen Marsh
434 Simpson place
Peekskill New York 10566
(914 739.0745)

March 7, 2007

Hon. Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
U.S. Court House
Wilmington, DE 19801

Civ Act. No. 05-00087-JJF

Dear Hon. Farnan,

I am writing this letter to inform you that I am in receipt of your letter dated February 26, 2007 enclosed with the answer to the defendant's motion, which I submitted.
Although your letter states the case is closed, I have not received the letter you have refereed to in your letter stating the case has been closed.
I am again mailing the answer I submitted with a copy of your letter.
If this concludes the case of Prince A. Marsh v. Delaware State University, et al.
Please return my answer and the documents required to appeal the decision, which again I have not received.
Also, please note there is a strong likelihood that the letter was mailed to the wrong address at the heading of your letter my address has been written as N.J when I reside in NY.

I thank you for your time concerning this matter.

Prince Marsh

RECEIVED
FEB 2 6 2007

The United States District Court
For The District of Delaware

Prince Allen Marsh,
        Plaintiff          {Civ. Act. No. 05-00087- JJF
Vs.

Delaware State University,
Dr. Charles Smith, Drexel Ball,
Kay Moses, Lowan Pitt, et, al

        Defendants,

_Please Be Advised that the Pro Se Litigant is not Educated in the Practice of Law, Therefore is addressing the defendants Motion for Summary Judgment to the best of his present ability._

**STANDARD OF REVIEW:**

The Defendants Motion for SUMMARY JUDGEMENT must be Denied, as there is a genuine issue for trial. In addition, defendant s has not met the burden of showing that no genuine factual dispute exists.

Once the moving party has met its burden, in order to defeat the motion the non- moving party must set forth facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc. 477 U.S @ 225, and present such evidence in assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Anderson, 477 U.S. @ 255.

In order for a cause of action to exist under section 1983 of title 42of the united states code, any alleged deprivation of Federal right must have taken place "Under color of statue, ordinance, regulation, custom or usage of any state territory or District of Columbia, 42. U.S.C $ 1983.

Delaware State University is the recipient of Governmental funds, ex. Grants & Federal Aid. This action is undertaken against defendants under color of law and in the course of administering federal programs.

II. As to defendants opposition to plaintiffs claim under 42. U.S.C 2000a and Civil Rights Act 1964.
Defendant failed to show that there are no genuine of material fact in dispute, defendants claim cannot survive just on inconclusive allegations or claim that

*plaintiffs failed to show facts; the burden is on the moving party…*
*In this case, the defendant has not shown anything but cited cases,*
*However, has not in any way brought forth any proof that Delaware State University is not in fact a place of public accommodation; schools are open institutions subject to public scrutiny.*

**III. Plaintiff submitted "JURY Trial Demanded" was addressed in Plaintiffs complaint informing this court that Plaintiff requested a Jury Trial.**

**Plaintiffs claim of Cruel and Unusual punishment must survive, Plaintiff was permanently expelled from school and is the subject of defamation, Delaware State University has impaired an individual's interest in Plaintiffs reputation. Although the ammuntion located in the Plaintiff's dorm was co -ed and the ammunition was not found in his possessions on the side of the room he occupied. The proper procedures where not followed concerning the instance where two or more students occupy a room. Delaware state universitys Lowan Pitt stated "I made the decsion that the ammunition was yours ( Princes) because of the weapon which was said to been in the vehicle," the Plaintiff was stopped in off campus.**
The federal constitution , Amendment XIV{ adopted in 1868}
Section 1. All persons born or naturalized in the United States , and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside . No privileges or immunities of citizens of the united states; nor shall any state deprive any person of Life, Liberty, or property, without due process of the law; nor deny to any person within its jurisdiction the equal protection of the law."
*Delaware state University acted and convicted the plaintiff prior to the plaintiffs constitutional due process of law. Which is a preservation of the constitution guarantees that a person is innocent until proven guilty. Delaware state University deprived the Plaintiffs of his due process for the accusations should have followed after the plaintiffs due process of law , in a recognized court which was available to deny or confirm his innocence.*
      *Plaintiff was not charged or accused of selling, using or disbursing of drugs nor weapons or ammunition on or off the campus of Delaware State University.*

*See) Paul v. Davis, 424 U.S. 693 47 L ed. 2d 405 injury to a persons reputation,*
*Bonner v. Coughlin 517 F2d 1311 545 F2d 569- 578.*
*In plaintiffs, case reports sent to other schools in the manner of defamation submitting statements that plaintiff was involved in criminal activity, not submitting the whole and complete truth. There was no evidence nor was it alleged that the plaintiff had used or distributed weapons or drugs on school grounds or off campus,*
*No rational jury could conclude that it was rational for Mr. Charles Smith to have treated the Plaintiff (Mr. Marsh) so harshly. It is factual that the board did not expel the plaintiff. It is clearly documented in the appeals appealed by the plaintiff that the rules and regulation procedures as stated in the student handbook was not adhered Mr. smith is one of the final persons that would not grant the plaintiff a final appeal. Furthermore, During repeated contact with Mr. Drexel Ball repeatedly stated Dr.*

*Charles Smith signed and made the initial and final decision throughout the entire judicial review and Dr. Smith would have to be contacted for any further appeal. The actions taken and followed by The Judicial review board, student peers at the judicial review for plaintiff, Prince Marsh where directed and orchestrated and finalized by Dr. Charles Smith and not by a committee of the plaintiffs peers, etc.*

*The defendants state that the eighth amendment "was designed to protect {only} those convicted of crimes.*
*Relying on such a vague and inconclusive recitation of the history of the amendment. The constitution prohibition is against Cruel and Unusual punishment;*
*Nowhere is the prohibition limited or modified by the language of the constitution. Certainly, the fact that framers did not choose to insert the word "CRIMINAL". Into the language of the Eighth Amendment is strong evidence that the amendment was designed to prohibit all "INHUMANE" or barbaric punishment no matter the nature of the offence for which the punishment is imposed.*

*IIII. Defendants Summary motion regarding Due Process must be dismissed.*

*Due Process is required when a decision of the state implicates an interest within the protection of the 14th Amendment and "to determine whether due process requirements apply in the first place [the courts} must look not at the "weight" but to the nature of the interest at stake".*
*Board of Regents v. Roth sup@ 570, 92 S. ct 2701, Morrissy v. Brewer 408 U.S @ 481. The Court must first ask whether the asserted indicial interests are encompassed within the 14th amendment protection, of life, liberty or property I protected interests are implicated the court must decide what procedures constitute due process of law.*

*While there is n constitutional right to a public education, when state Law has created an entitlement to a public education. A property interest arises.*
*U.S.C.A, Const. Amendment 14th, Goss v. Lopez clearly states that a property interest arises involving temporary suspension.*
*Therefore, expulsion from school permanently, requires more formal procedures Goss 419 U.S @ 584, therefore, a student facing expulsion is due a higher standard of due process than a person facing temporary suspension, L.Q, A v. Eberhart 920 F. Supp. 1208, 1217, in the absence of supreme court guidance most courts turn to Dixon v. Alabama State Board of education. 294 F 2d 150 , to determine what process is due in expulsion case..*
*Matthew v. Eldridge 424 U.S 319, The Plaintiff did not receive an appeal hearing and plaintiffs claim is not on substantive evidence , but on his hearing being "unfair", Bias and not impartial, arbitrary and capricious .*
*The defendant ignores this claim.*

*Respectfully, Submitted*

*Prince Marsh*

*Prince Marsh v. Delaware State University*
Civ. 05-87 (JJF)

Added)

*Public Health & Welfare*
*42. 1983*

*Gray v. Laws, E.D.N.C 1994 915 F. Supp. 747*

*Yale received some financial support from the state, nor the fact that Yale serves the public and that service may benefit the State of Connecticut was sufficient to establish that Yales conduct was action,*
*Hack v. President and fellows of Yale college, D, Conn, 1998, 16 F. Supp. 2d 183, affirmed 237 F.3d 81, 122 S. CT 201, 151 1 .Ed 2d 142.*

*Prince A. Marsh* (signature)

## AFFIDAVIT OF SERVICE

Under the penalty of perjury a copy of this answer has been mailed by the Plaintiff Prince Marsh by the U.S.P.S first class mail to the defendant's counsel of White & Williams, LLP . on or about February 20, 2007

                                                  Prince Allen Marsh

                                                  */s/ Prince Marsh*

